(36 Misc. Rep. 298.)

## MARTIN v. BIGELOW et al.

(Supreme Court, Special Term, New York County. November, 1901.)

BANKRUPTCY—FRAUDULENT PREFERENCE.

A complaint in an action by a trustee in bankruptcy to set aside a mortgage made by the bankrupt within four months of filing of the petition as a preference is insufficient, where it alleges that at the time of the alleged preference the bankrupt was in failing circumstances and unable to meet his debts in full; it being an insufficient allegation, within the requirement of Bankr. Act 1898, that he was then "insolvent."

Action by George W. Martin, trustee of James Brown, a bankrupt, against Charles E. Bigelow and others. Demurrer to complaint sustained.

William C. Reddy, for plaintiff.
Arthur Knox, for defendant Barnard, demurrant.

SCOTT, J. This is an action to set aside a mortgage made by the bankrupt for whom plaintiff is trustee, upon the ground that it contravenes the provisions of the national bankruptcy act. After alleging that James Brown had been duly adjudged a bankrupt, and that plaintiff had been appointed trustee of his property and had duly qualified, the complaint goes on to allege that on November 12, 1900, and within four months prior to the filing of the petition in bankruptcy, the said bankrupt was the owner of certain real property, and was, or was alleged to be, indebted to the firm of Church E. Gates & Co., of which the impleaded defendant is a member, in the sum of $5,684.63; that the said Brown was upon that date "in failing circumstances and unable to pay all his debts in full," which facts the defendants had then reasonable cause to believe; that on said November 12, 1900, the said Brown, for the purpose of preferring the defendants Church E. Gates & Co. over his other creditors, and of paying them in full, and upon their procurement and request, executed and delivered to the defendant Bigelow, as the appointee of said Church E. Gates & Co., a mortgage upon the real estate described in the complaint; that the

amount of said mortgage was not in fact advanced by the defendant Bigelow, but by the defendants Church E. Gates & Co., who re-ceived back from said Brown the amount of his alleged indebted-ness to them; that said mortgage was made, to the extent of $5,-684.63, for the purpose of securing a preference as aforesaid, and with reasonable cause for belief on the part of the defendants Church E. Gates & Co. that the said Brown was "in failing circum-stances." To this complaint the impleaded defendant demurs upon the ground that it does not state facts sufficient to constitute a cause of action.

The plaintiff's action is based upon sections 60a and 60b of the United States bankruptcy act of 1898, which provide as follows:

"Sec. 60a. A person shall be deemed to have given a preference if, being insolvent, he has * * * made a transfer of any of his property, and the effect * * * of such * * * transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class.

"Sec. 60b. If a bankrupt shall have given a preference within four months before the filing of a petition, or after the filing of the petition and before the adjudication, and the person receiving it, or to be benefited thereby, or his agent acting therein, shall have had reasonable cause to believe that it was intended thereby to give a preference, it shall be voidable by the trustee, and he may recover the property or its value from such person."

It is plain that an essential element in the definition given to a preference under section 60a is that the person making the trans-fer was at the time insolvent. The language is, "A person shall be deemed to have given a preference if, being insolvent, he has made a transfer." At common law, under the statutes of this state, such a transaction as is set forth in the complaint would be perfectly legal and unassailable. If it can be successfully attacked, it must be under the federal statute; and, to attack it under that statute, it must be alleged and proved that the person making the transfer was insolvent, for that is the test which the statute ap-plies. Objection is taken to the complaint, in that, as it is said, it fails to allege that Brown was insolvent when he made the mort-gage. The bankruptcy act itself furnishes the definition of "insol-vency" in section 1, subd. 15, as follows:

"A person shall be deemed insolvent within the provisions of this act when-ever the aggregate of his property, exclusive of any property which he may have conveyed, transferred, concealed or removed, or permitted to be con-cealed or removed, with intent to defraud, hinder or delay his creditors, shall not, at a fair valuation, be sufficient in amount to pay his debts."

Nowhere in the complaint is it alleged in terms that Brown, when he made the mortgage, was insolvent. The allegation is that "he was in failing circumstances and unable to pay all his debts in full." This is not equivalent to an allegation of insolvency under the pres-ent bankruptcy act, although it might have been sufficient under the former act. As has recently been said by the supreme court of the United States:

"Inability to pay debts in the ordinary course of business usually accom-panies an insufficiency of assets. It may not, of course. At times a debtor's property, though amply sufficient in value to discharge all of his obligations, may not be convertible, without sacrifice, into that form by which payments

may be made. The law regards that possibility. In this there is indulgence to the debtor, and through him to preferred creditors." Pirie v. Trust Co., 182 U. S. 438, 21 Sup. Ct. 906, 45 L. Ed. 1171.

To say of a man that he is in failing circumstances, or that he is unable to pay all his debts in full, which means presently unable so to do, is quite a different thing from alleging that his property, taken at a fair valuation, is not sufficient in amount to pay his debts; and his adjudication as a bankrupt on March 11, 1901, does not relate back, and establish the fact of his insolvency in the preceding November. Levor v. Seiter, 34 Misc. Rep. 382, 69 N. Y. Supp. 987; In re Alexander, 102 Fed. 464. "A fair valuation means the present market value of the property. The act expressly says that a man shall be deemed insolvent only when the aggregate of his property, at a fair valuation, shall not be sufficient in amount to pay his debts; but the court below gave an unwarranted construction to this definition, by adding to the plain meaning of 'fair valuation' the requirement that a debtor must be able to realize from his property a sufficient amount to pay his debts. This seems to clearly differ from the plain requirements of the statute, by adding a condition not therein set forth. A man's property at a fair valuation may amount to sufficient to pay his debts, although he may not be able to realize at once the amount of this valuation." Duncan v. Landis, 45 C. C. A. 666, 106 Fed. 839. The plaintiff, having thus failed to sufficiently allege the bankruptcy of Brown at the time of making the mortgage, has not brought himself within the terms of the statute, and has failed to state a cause of action.

It is further urged by the demurrer that the complaint is defective in that it fails to allege that Gates & Co., or their agent, Bigelow, had reasonable cause to believe that it was intended by the transaction in question to give a preference. The statute requires, in order to avoid such a transaction, not only that the debtor shall be insolvent at the time, and that the effect will be to enable any of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class, but also that the person to be benefited thereby, or his agent, shall have had reasonable cause to believe that it was intended thereby to give a preference. If the person to be benefited, or his agent, had not such reasonable cause, it matters not that the debtor is insolvent, and that his act will have the effect of giving the creditor a preference. The only allegations upon this subject are that Gates & Co. had reasonable cause to believe that Brown was in failing circumstances, and unable to pay all his debts in full, and by the transaction they secured payment in full for their debt. Even if, as the plaintiff urges, the inference from these allegations is that they must have believed that they were being preferred over other creditors of the same class, which is, to say the least, a doubtful inference, since it is not alleged that there were other creditors of the same class, the pleading is in this respect extremely inartificial, and of doubtful sufficiency. Upon the ground first discussed, without passing upon the other questions suggested, the demurrer must be sus-

tained with costs, with leave to plaintiff to amend his complaint within 20 days upon payment of costs.

Demurrer sustained, with costs, with leave to plaintiff to amend complaint within 20 days upon payment of costs.