THE FIRST NATIONAL BANK OF PEORIA *et al.* v. EDWARD S. JAFFRAY *et al.*

NEW TRIAL — *Overruling Motion — Question, Not Considered.* Where in an assignment of errors the only errors complained of relate to matters occurring on the trial, for which a new trial was prayed, but the action of the court below in overruling the motion is not assigned for error, no question is properly raised in this court. (*Carson v. Funk,* 27 Kas. 524, and *Clark v. Schnur,* 40 id. 72, cited, and followed.)

### *Error from Cowley District Court.*

ACTION brought by the *First National Bank* of Peoria, Illinois, and *William E. Stone,* against *Edward S. Jaffray* and numerous other defendants, to foreclose nine certain quitclaim deeds as mortgages, and to recover judgment for $15,000; also, to foreclose the prior mortgages on the mortgaged lands purchased by said bank on October 30, 1885. Trial at the September term, 1886, and judgment for defendants. The plaintiffs bring the case here. The opinion contains a sufficient statement of the facts.

*Jack & Tichnor,* and *Mansfield, Eaton & Pollock,* for plaintiffs in error.

*Peckham & Henderson, Irwin Taylor,* and *Weigley, Bulkley & Gray,* for defendants in error.

Opinion by SIMPSON, C.: The assignments of error in the petition in error filed in this court are as follows:

1. That the court erred in admitting evidence of the defendants in error, to which plaintiffs in error at the time objected.

2. That the court erred in ruling out the evidence offered by the plaintiffs in error on the trial of said action.

3. That the judgment was given for the defendants in error, when it ought to have been given for the plaintiffs in error, according to the law of the land.

It will be seen that the ruling of the trial court on the mo-

tion for a new trial is not assigned as error, and hence this case falls within the ruling in the cases of *Carson v. Funk,* 27 Kas. 524, and *Clark v. Schnur,* 40 id. 72. It is held in these cases:

"Where in an assignment of errors, the only errors complained of relate to matters occurring on the trial, for which a new trial was prayed, but the action of the court in overruling the motion is not assigned for error, no question is properly raised in this court."

In this case the motion for a new trial was based upon the following causes: Because the decision was contrary to the evidence, and contrary to the law; because the judgment was not sustained by sufficient evidence; and because of errors of law occurring during the trial, and excepted to at the time. The motion was overruled and all exceptions were saved, but the ruling on the motion is not assigned as error in the petition filed in this court.

The only question, then, made in the briefs of counsel for plaintiffs in error, that we can consider in this condition of the record, is, whether the pleadings authorized such a judgment as was rendered in the action. Briefly summarized, the petition seeks to have nine certain quitclaim deeds executed by one Gordis R. Cobleigh and wife to the plaintiff in error, W. E. Stone, construed as mortgages to secure the sum of $15,000, and to foreclose the same. The lands conveyed are situated in the counties of Cowley, Ottawa, Lincoln, Russell, Ellis, Rush, Barton, Elk, and Rooks. These deeds were executed on the 10th day of January, 1884, but not recorded until about the 1st day of September following. About the 23d day of September a written instrument was executed, showing that these conveyances were made, executed and delivered as security for the sum of $15,000. These lands in fact belonged to Day Bros. & Co., a mercantile firm in Peoria, Illinois, but were held in the name of Cobleigh, who was a member of the firm. W. E. Stone was the cashier of the First National Bank of Peoria, and these conveyances and the subsequent written defeasance were executed to him as

cashier, and were for the benefit of the bank. At the time of these conveyances the lands granted were incumbered by some prior mortgages and tax liens that were paid off by the First National Bank of Peoria, and it is sought in the petition to recover as against all the parties liable, the amount of these payments.

The defendants in error, the Nonotuck Silk Co., Merrick Thread Co., King & Fields, Rollins, Shaw & Co., and E. S. Jaffray & Co., were creditors of Day Bros. & Co., who had commenced suits in attachment in several counties in this state, had attached these lands as the property of Day Bros. & Co., obtained judgment against that firm, and had caused these lands to be sold at sheriff's sale in satisfaction of their respective judgments. The purchasers are parties to this action, and are among the numerous defendants in error. Their answers allege substantially that these conveyances were made by Day Bros. & Co., and received by the First National Bank of Peoria, to be held by said bank in trust for Day Bros. & Co. until they could effect some settlement or compromise with their creditors; that at the time of the execution and delivery of the conveyances, Day Bros. & Co. were in an insolvent and failing condition, and that this was well known to the bank; that they were not delivered to the bank to secure an existing *bona fide* indebtedness, but were executed and delivered to and accepted by the bank solely for the purpose of preventing the creditors of Day Bros. & Co. from subjecting them to the payment of their claims against that firm. This composes the substance of the material allegations in the pleadings, and the various statements in detail are definite and certain enough to make plain the issue as to whether the bank held these lands in good faith to secure an indebtedness, or held them as a part of a scheme to assist Day Bros. & Co. in an attempt to secure a favorable settlement with their creditors, or to prevent them from being subjected to the payment of the debts of Day Bros. & Co. The trial court gave the plaintiffs in error judgment on the prior mortgages, and a judgment against Day Bros. & Co. for the sum of $15,000,

and found that these conveyances were made by Day Bros. & Co., and were received and accepted by Stone and the bank, for the purpose and with the intention on the part of each of them to hinder and delay the creditors of Day Bros. & Co., and are fraudulent and void, and adjudged that said conveyances be vacated and set aside as to the defendants named.

We have no hesitation in saying that the averments in the pleadings amply authorize the judgment rendered.    We have not examined the evidence nor considered any one of the many questions arising on the trial, or the other important questions discussed by counsel in their well-prepared briefs, but have confined ourselves strictly to the examination of the only question that we think is proper to consider in the present condition of the record.    There is but one course open for us to pursue, and that is to recommend an affirmance of the judgment.

By the Court: It is so ordered.

All the Justices concurring.