CORA L. JOHNSON v. THE BADGER LUMBER COMPANY
*et al.*

**No. 393\*.**

1. PRACTICE, COURTS OF APPEALS — *Assignment of Error*. Failure to assign for error the overruling of a motion for a new trial waives all questions as to matters occurring on the trial of the case. (*National Bank v. Jaffray*, 41 Kan. 691, 19 Pac. 626.)

2. MECHANICS' LIENS — *Equitable Title — Extent of Lien*. "In actions to foreclose mechanics' liens for work done and for material furnished under a contract with one who has an executory contract for the purchase of a city lot and is in possession thereof, the lien of the mechanic or material-man must be measured by the extent of the equity of the purchaser under the executory contract." (*Getto v. Friend*, 46 Kan. 24, 26 Pac. 473.)

Error from Cowley district court; A. M. JACKSON, judge. Opinion filed December 21, 1898. Reversed.

---

\*Petition for order to certify denied by supreme court February 11, 1899.—REP.

*F. C. Johnson*, and *McDermott & Johnson*, for plaintiff in error.

*Pollock & Lafferty*, *Madden & Buckman*, *C. I. Forsyth*, *C. W. Roberts*, and *Smith & Cogdal*, for all defendants in error except G. W. Stokes.

The opinion of the court was delivered by

Milton, J. :  This action was brought by the Badger Lumber Company to foreclose a mechanic's lien for building material furnished to J. B. Bryan under a contract made in December, 1891, to be used in the erection of a dwelling-house on a lot in the city of Winfield.   Eighteen holders of mechanics' liens were made defendants, together with J. B. Bryan and Mattie Bryan, his wife, Cora L. Johnson, now plaintiff in error, and Mahlon E. Johnson, her husband.   The petition alleged that the contract was made with J. B. Bryan, the owner of the lot.   In their joint answer and cross-petition, Cora L. Johnson and Mahlon E. Johnson averred that in August, 1891, Cora L. Johnson, then and ever since the legal owner of the lot in question, entered into a written contract with J. B. Bryan for the sale and conveyance of the lot to the latter upon the performance of certain conditions on his part; and that he had wholly failed to perform the conditions of the contract, a copy of which was annexed to the cross-petition, and was not entitled to a conveyance of the legal title to the property.

The defendant lien-holders answered severally, and averred that they had entered into contracts with J. B. Bryan, who was the equitable owner of the lot, and the agent of Cora L. Johnson, the legal owner of the property, to furnish materials or labor for the construction of the dwelling-house.   They also an-

swered the cross-petition of the Johnsons, denying all the averments thereof except that relating to the agreement to convey the premises to Bryan. The Johnsons replied to each of the cross-petitions of the defendant lien-holders, and denied under oath the allegation therein as to the agency of Bryan. The plaintiff filed a single unverified reply to all of the cross-petitions, denying the averments thereof. The record consists of the pleadings, the journal entry of judgment, the motion for a new trial and the order overruling the same, and does not contain the evidence introduced on the trial. As a part of its judgment, the court found as follows:

"That the legal title to the real estate set out in plaintiff's petition herein and in the answers and cross-petitions of all the defendants herein . . . was at all times since the filing of the mechanics' liens in this case, and is now, in the defendant Cora L. Johnson, and that the equitable title to said real estate is in the defendant J. B. Bryan, and was at all times hereinafter mentioned."

Other findings were to the effect that the plaintiff and each of the lien claimants had entered into separate contracts with J. B. Bryan for furnishing materials or labor to be used in and about the erection of the dwelling-house hereinbefore mentioned. The court also found that Cora L. Johnson was entitled to a lien on the real estate in the sum of $500 and interest, for unpaid purchase-money, and that her lien was subject and inferior to the liens declared in favor of the other parties to the action. The judgment ordered the sale of the property and a distribution of the proceeds of such sale, *pro rata*, in satisfaction of the claims of the lien-holders of the mechanics' liens, and payment of the residue, if any, to Mrs. Johnson.

The petition in error does not assign for error the

overruling of the motion for a new trial, which was filed by Cora L. Johnson and her husband.   The grounds of the motion were the same as those of the motion in the case of *National Bank v. Jaffray*, 41 Kan. 691, 19 Pac. 626.   Under the authority of that decision, it must be held that no question is properly raised as to matters occurring on the trial of the case.

The only question that can be considered is whether the pleadings authorized such a judgment as was rendered.   (*Mitchell v. Milhoan*, 11 Kan. 617, 625.) The facts set forth in the pleadings and the findings, which appear as a part of the journal entry of judgment, show that Cora L. Johnson was the legal owner and J. B. Bryan the equitable owner of the premises in controversy at and after the times when the several contracts for material and labor were made.   The record must be taken as showing that the court so found from the pleadings and evidence, and concluded therefrom that the equitable owner of the real property could encumber the entire estate, both legal and equitable, by contracts resulting in mechanics' liens. This conclusion is contrary to decisions heretofore rendered by the supreme court.   In the case of *Seitz v. U. P. Railway Co.*, 16 Kan. 133, it appears that a contract for the erection of a hotel was made with the equitable owner of the real estate, and that the holders of the mechanics' liens sought to enforce the same against the entire estate.   The judgment of the court below was that the property should be sold and the claim of the railway company, the legal owner of the land, be first paid from the proceeds of the sale.   The supreme court held that the judgment of the district court was correct, and that the mechanic's lien under the contract with the equitable owner extended only as far as the title of that owner extended, and did not

reach the legal estate or affect the right of the party holding the legal title. In *Lumber Co. v. Schweiter*, 45 Kan. 207, 25 Pac. 592, the same doctrine was declared. Again, in *Getto v. Friend*, 46 id. 24, 26 Pac. 473, we find a decision to the same effect, one paragraph of the syllabus reading :

"In actions to foreclose mechanics' liens for work done and for material furnished under a contract with one who has an executory contract for the purchase of a city lot and is in possession thereof, the lien of the mechanic or material-man must be measured by the extent of the equity of the purchaser under the executory contract.'"

It is evident that the judgment of the trial court is not supported by the pleadings and the findings. It will therefore be reversed, and the cause remanded for further proceedings in accordance with the foregoing views.