S. WRIGHT v. G. W. DARST.

No. 340.

1. PRACTICE, COURTS OF APPEALS — *Waiver of Errors.* Errors occurring on the trial are waived by failure to assign for error the overruling of the motion for a new trial. (*National Bank v. Jaffray*, 41 Kan. 691, 19 Pac. 626.)

2. PROMISSORY NOTE—*Performance of Conditions — Waiver of Right to Renew.* The judgment is supported by the pleadings, and it is *held*, that if the right existed to renew the note sued on,

so that the principal thereof should not become due and payable during the lifetime of the plaintiff in error, who gave the original note in renewal of which the present note was executed, such right of renewal was waived by the failure of the plaintiff in error to perform the conditions of the original agreement under which the indebtedness was contracted.

Error from Crawford district court; J. S. WEST, judge.    Opinion filed December 23, 1898.    Affirmed.

*Cogswell & Gregg*, for plaintiff in error.
*Morris Cliggitt*, for defendant in error.

The opinion of the court was delivered by

MILTON, J. : As the petition in error fails to assign for error the overruling of the motion for a new trial, the only question for our consideration is whether the judgment rendered in favor of the defendant in error for the amount claimed in his petition is supported by the pleadings in the case. (*National Bank v. Jaffray*, 41 Kan. 691, 19 Pac. 626.)

This action was commenced on May 20, 1895, by the defendant in error, to recover on a promissory note alleged to have been duly indorsed to him before its maturity, which note, with its indorsements, reads as follows :

No. 164.    P. 10.    EUREKA, ILL., Jan. 2, 1892.

Three years after date, for value received, I promise to pay to the order of the Treasurer of the Board of Trustees of Eureka College One Hundred Sixty-six $\frac{67}{100}$ Dollars, at the Farmers Bank of Eureka, with six per cent. interest per annum from date, interest payable annually.

This note belongs to the Endowment Fund of Eureka College.

$166.67.    Due Jan. 5, 1895.    S. WRIGHT.

*This note is for endowment of Eureka College.*

*Special attention given to the collection of sale notes. The Farmers Bank of Eureka.*

INDORSED: Pay to the order of G. W. Darst.—G. W. Darst, Treasurer of the Board of Trustees of Eureka College, Eureka, Ill.

2–10–93  Pd. Int. to 1–2–93, $10 00
1–16–94    "    "    " 1–2–94, $10 00
1–17–94    "    "    " 1–2–95, $10 00

The principal defenses set up in the verified answer were that the indorsement of the note by the treasurer of the college to himself was invalid ; that the note had been given by the defendant in renewal of a former note for the same amount ; that the original note was given with the express understanding and agreement between the defendant and the trustees of the college that the interest only on said note should be paid by the donor during his lifetime ; and that when the note sued on herein was presented for payment by the National Bank of Pittsburg, Kan., the defendant tendered to said bank the interest due and a new note in renewal of the note in controversy, which tender was refused.    The original note was set out in the answer.    It was dated January 2, 1894, and was a promise to pay to the treasurer of Eureka College, on or before five years from its date, the sum of $166.67, with six per cent. interest, payable annually. By its express terms, the note was to be void if the college should be removed from or cease to be conducted as an institution of learning in the village of Eureka.    It also provided that it should become due and payable in the event of the death of the maker thereof prior to its maturity, or if the interest thereon should not be promptly paid when due and called for ; and that '' the maker of this note shall have the privilege of renewing the same at maturity, subject to the same conditions and at the same rate of interest as above mentioned.''    The indorsements on the original note showed payment of interest thereon for the years 1884 to 1890, inclusive, at irregular dates, and the answer averred that the interest for 1891 was paid when the renewal note was given.    The answer also averred the willingness of the defendant again to renew the note sued on and contained an offer so to do.

The reply alleged that the defendant had not paid the interest on the first note promptly when the same became due; that at the maturity of that note he denied liability on the same and refused to pay, and refused to renew the note; and that upon such refusal the owner and holder thereof declared the same to be due, and that the same was due and payable according to its terms. It also alleged that after the said note became due and payable, and in settlement of the dispute and controversy existing between the defendant and the payee thereof, the defendant made and delivered the note set out in the petition, whereby he promised to pay the sum therein named at the maturity of the note, absolutely and unconditionally, and that there was no other agreement or understanding except such as the last-named note itself contained.

Construing the pleadings, it appears that the first note given by the plaintiff in error would mature upon the happening of any one of three contingencies, namely: The death of the maker of the note prior to its maturity, failure to pay interest thereon promptly as it fell due, or the maturity of the note, five years from its date, with no offer on the part of the maker thereof to renew the same. The indorsements on the first note show that the interest was not paid promptly, the interest for the year 1890 having been paid on November 28, 1891, and the second note by its date purports to have been executed on January 2, 1892, three years after the maturity of the first note. These facts are inconsistent with the theory of the exercise of the option to renew the first note at its maturity, and support the allegations of the reply that the second note was given in settlement of the controversy between the parties, and was an unconditional promise to pay the sum therein stated. The proper inference

from these facts is that the judgment of the trial court in favor of the plaintiff below for the amount of the note sued on was correct. In this view it is not important to consider whether or not the indorsement of the note to the plaintiff freed it from the defenses set up in the answer.

The judgment of the district court is affirmed.