HENRY BADEN v. JOHN BERTENSHAW, *as Trustee, etc.*

No. 13,290. (74 Pac. 639.)

SYLLABUS BY THE COURT.

1. PRACTICE, SUPREME COURT—*Assignments of Error.* Rulings of a trial court not assigned as error in the petition in error will not be considered by this court.

2. PRACTICE, DISTRICT COURT—*General Objection to Evidence Waived.* An objection to the introduction of any evidence under the petition because of the omission of the allegation of certain material facts is waived if evidence be introduced on the trial to prove such facts without objection.

3. BANKRUPTCY—*Preferential Payment.* An action by a trustee in bankruptcy to recover an alleged preferential payment made by the insolvent is not an action to recover on the ground of fraud.

4. —— *Recovery of Preferential Payment—Conditions Precedent.* Before a trustee in bankruptcy can recover an alleged preferential payment to a creditor he must prove that the payment was made within the time prohibited by the statute; that it was intended as a preference; that the person receiving it had reasonable ground to believe that it was so intended; and that the effect of such payment was to enable such creditor to obtain a greater percentage of his debt than other creditors of the same class.

Baden v. Bertenshaw.

Error from Montgomery district court; THOMAS J. FLANNELLY, judge.   Opinion filed December 12, 1903. Reversed.

*J. B. & W. E. Ziegler*, for plaintiff in error.
*F. J. Fritch*, for defendant in error.

The opinion of the court was delivered by

GREENE, J. :   John Bertenshaw, as trustee in bankruptcy of the firm of Ridgeway & Co., brought this action against Henry Baden to recover the sum of $183.50 alleged to have been paid to him as a preferential payment within four months before the filing of the petition in bankruptcy.   Judgment was for plaintiff.

Many errors are assigned and argued by plaintiff in error, some of which are not assigned in the petition in error.   It is argued that the court erred in overruling the demurrer to the petition.   This is not assigned in the petition in error and therefore will not be considered.   (*National Bank v. Jaffray*, 41 Kan. 691, 19 Pac. 626 ; *Clark v. Schnur*, 40 id. 72, 19 Pac. 327 ; *Carson v. Funk*, 27 id. 524.)

It is contended that the court erred in not sustaining the objection to the introduction of evidence under the petition for the reasons that it was not alleged that a demand had been made on the defendant prior to commencing action, or that any claims were proved or allowed against the estate, or that the money paid to Baden was necessary to pay any of the debts which had been proved or allowed against the estate.   If it was necessary for plaintiff to make these allegations, the defendant has waived any questions arising from such omission that he might have presented here by

3—68 KAN.

permitting the plaintiff, without objection, to intro-
duce evidence tending to prove such facts.

The petition shows that more than two years inter-
vened between the time of the alleged preferential
payment and the time this action was brought.   It is
contended that the action was one for relief on the
ground of fraud, and therefore the petition did not
state a cause of action.   This action is provided for
by the bankrupt law, and fraud is not made an essen-
tial element to a recovery.   The provisions of the
bankrupt law pertinent to a decision of this and some
other questions involved are sections 60a and 60b.
(30 U. S. Stat. at L. 562.)

"A person shall be deemed to have given a prefer-
ence if, being insolvent, he has procured or suffered a
judgment to be entered against himself in favor of
any person, or made a transfer of any of his property,
and the effect of the enforcement of such judgment or
transfer will be to enable any one of his creditors to
obtain a greater percentage of his debt than any other
of such creditors of the same class.

"If a bankrupt shall have given a preference within
four months before the filing of a petition, or after
the filing of the petition and before the adjudication,
and the person receiving it, or to benefited thereby,
or his agent acting therein, shall have had reasonable
cause to believe that it was intended thereby to give
a preference, it shall be voidable by the trustee, and
he may recover the property or its value from such
person."

A preferential payment to a creditor by an insolvent
debtor is not *per se* fraudulent, and the right of the
trustee to recover such payment into the estate is not,
by the bankrupt act, made to depend upon a fraudu-
lent intent of either party.   If a payment intended as
a preference is made within four months before the
filing of a petition in bankruptcy and the creditor be-

lieved, or had reasonable cause to believe, that it was intended to give a preference, and such, payment had the effect to enable such creditor to obtain a greater percentage of his debt than other like creditors, the trustee may recover the amount so paid regardless of any fraudulent intent. Such actions are not, therefore, actions to recover on the ground of fraud.

It is contended that the court erred in giving the following instruction :

"If you find from the evidence in this case that at the time of payment to the defendant Baden of $183.50 by Ridgeway & Co. the said Baden knew that the firm of Ridgeway & Co. were insolvent, and owed to various creditors a large amount, that said Baden knew that the debts of the firm of Ridgeway & Co. were greater than the firm's assets, and that he had such information as would put a prudent man upon inquiry, and received said payment with such knowledge, it follows as a necessary inference that he had reasonable cause to believe that the payment was intended as a preference, and he can avoid this inference only by showing that an amount in proportion to the payment so received by him was provided for, for other creditors ; and if said Baden made no inquiries as to whether a like or proportionate amount was being paid, or intended to be paid, to other creditors, then you are instructed that it follows as a necessary inference, that the defendant Baden had reasonable cause to believe that said payment was intended as a preference, and your verdict should be for the plaintiff and against the defendant."

The instruction is that if Baden knew that the liabilities of Ridgeway & Co. were largely in excess of their assets, or that they were insolvent at the time he received this payment, or possessed such knowledge as would put a reasonably prudent man upon inquiry as to their solvency, these facts were sufficient to induce in his mind the belief that the payment was

preferential, and the verdict should be for the plaintiff, unless defendant satisfied the jury that a sufficient amount of assets of the insolvents had been provided to pay the other creditors of the same class a percentage equal to that received by Baden.

This instruction is objectionable for several reasons. The deduction made by the court does not follow from the premise, either as a legal conclusion or as a presumption of fact. It does not follow that, because defendant knew that Ridgeway & Co. were insolvent when the payment was made, such payment was preferential or so intended ; nor does it follow that because Baden knew that payment was intended to be preferential and made within the time inhibited within the statute, and when Baden knew the liabilities of the insolvents were largely in excess of their assets, the trustee should recover. Not all preferential payments made within the time inhibited by the statute, to a creditor who knows his debtor is insolvent, are recoverable by the trustee. Before a recovery can be had in such cases it must also be made to appear, as provided in section 60a of the bankrupt act, that such payment had the effect of giving to such creditor a greater percentage of his debt than other creditors of the same class had received.

This instruction is erroneous and greatly prejudicial to the defendant in another particular. It places upon the defendant the *onus* of showing that when the payment was made sufficient property had been provided by the insolvents to pay the creditors of the same class an equal percentage. The bankrupt act does not place this responsibility upon one who has received a preferential payment from an insolvent; the very reverse of this is true. Before a trustee can

recover from such a one he must bring himself within the provisions of the bankrupt act by showing that such payment had the effect of giving to the creditor a greater percentage of his debt than other creditors of the same class had received.   This he may do by showing that after such payment there was not property remaining in the hands of the insolvents sufficient to pay an equal percentage to other creditors of the same class.   The object of the bankrupt law, as between creditors, is to secure an equitable distribution of the insolvents' estate, and unless one of the creditors has received an inequitable percentage by way of preferential payment a trustee has no cause of action against him.

Because of this, the judgment of the court below is reversed, and the cause remanded.

All the Justices concurring.