Argued at Pendleton May 1, affirmed June 13, rehearing denied
   July 18, motion to recall mandate denied September 26, 1922.

## DOOLITTLE *v.* ROBINSON.

[206 Pac. 229.]

Bankruptcy—Section 70-e, 1 Fed. Stats. Ann. (2 ed.), 1212, Au-
   thorizes Trustee to Attack Fraudulent Transfers Regardless of
   Four Months Period.

1. A trustee in bankruptcy has no cause of suit to set aside
bankrupt's transfer of property unless there are unpaid creditors'
claims.

Bankruptcy—Under Section 60-b, 1 Fed. Stats. Ann. (2 ed.), 1026,
   There must be a Transfer, Insolvent Debtor, Preference and
   Reasonable Grounds for the Recipient to Believe Preference will
   Thereby be Caused.

2. The governing element under this section is the transferee's
having reasonable cause to believe the transfer will work a prefer-
ence.

Trover and Conversion—Defective Description in Initial Pleading
   Cured by Allegation in Answer.

3. Averment in answer that "the property is the same property
referred to in the plaintiff's complaint which the defendant is al-
leged therein to have converted," *held* sufficient.

Bankruptcy—Belief of Recipient of Preference to be Determined by
   All Circumstances.

4. The belief of the recipient of a preference as to the financial
condition of the bankrupt is to be determined from all the circum-
stances and the reasonable inference to be drawn therefrom.

---

2. Construction of clause in Bankruptcy Act avoiding preference
where recipient has "reasonable cause to believe" preference was in-
tended, see note in 16 **Ann. Cas.** 826.

Bankruptcy—Preference in Form of Chattel Mortgage not Valid as to Any Property Exempt from Execution or Otherwise.

5. Exemption from execution is a favor to be claimed only by judgment debtor and does not inure to benefit of his creditors.

From Malheur: DALTON BIGGS, Judge.

In Banc.

'AFFIRMED.  REHEARING DENIED.

For respondent there was a brief over the names Mr. W. W. Wood and Messrs. Davis & Kester, with an oral argument by Mr. Wood.

For respondent there was a brief over the names of Mr. Pat J. Gallagher and Mr. W. H. Brooke, with an oral argument by Mr. Gallagher.

BURNETT, C. J.—This is an action at law. It appears from the record that the plaintiff is trustee for the estate of Edward Fifer, who was adjudged a bankrupt on March 19, 1921. The effort of the complaint is to recover from the defendant the value of the stock of goods, wares, merchandise and provisions and sundry utensils belonging to a restaurant kept by Fifer at Ontario, Oregon, which the plaintiff as trustee claims to have been transferred to the defendant by the bankrupt within four months before the filing of the petition in bankruptcy, the latter being then insolvent, the transfer then operating as a preference and the defendant receiving it with reasonable ground to believe that the transfer would effect such preference in his favor against other creditors of the bankrupt. It is charged in the complaint that Robinson then knew Fifer to be insolvent and that taking a chattel mortgage on the property would give Robinson a preference over other creditors. A demurrer to the complaint to the effect that it does not

state facts sufficient to constitute a cause of action
and that the court has no jurisdiction of the subject
matter of the cause was overruled.

Practically, the answer admits the taking of the
chattel mortgage to secure a debt due from the bank-
rupt to the defendant, but denies Fifer's insolvency
and denies that the defendant had reasonable cause
to believe that the transfer would effect a preference.
Affirmatively, it alleges that on February 17, 1921,
Fifer was justly indebted to the defendant in the sum
of $2,960, for which Fifer gave his note of that date
and secured the same by a chattel mortgage on the
property in question, said in the answer to be "the
same property referred to in plaintiff's complaint and
which the defendant is alleged to have converted."
The defendant contends in his answer that the mort-
gage was taken openly and in good faith, in the ordi-
nary course of business, for a valid debt owing by
Fifer to the defendant, without intent on the part of
either party to hinder, delay or defraud the creditors
of Fifer or for the purpose of creating an unlawful
preference under the bankruptcy laws of the United
States; and that the defendant did not know or have
any reason to suspect or believe that Fifer was insol-
vent or that the chattel mortgage would create any
unlawful preference in favor of the defendant. Other
facts are alleged as a basis for the defendant's taking
possession of the property as for a breach of the
mortgage, and it is said that after assuming custody
of the property he sold it for the sum of $3,353.32, on
condition that if the defendant's right to the chattels
should not be litigated, the purchaser should become
the absolute owner of the property, but if the defend-
ant's right and title to the property should be liti-
gated, then he was to have the right to repay the said

purchase price and be restored to the property to abide the result of the litigation. In addition to all this, after a restatement of it by reference to the early part of the answer, that pleading contains the following averment:

"That if defendant's chattel mortgage is decided by the jury in the trial of this cause to be an unlawful preference within the meaning of the bankruptcy laws of the United States, and that the defendant is liable for a conversion of the mortgaged chattels, then and under those conditions the defendant does hereby offer in mitigation of damages to return to plaintiff all the mortgaged chattels, unimpaired in value and in the same condition as when received, together with plaintiff's costs and disbursements in this suit, and any damages which plaintiff may have sustained by reason of the detention of said property by the defendant."

The reply traverses the answer in material particulars.

On stipulation of the parties, the action was tried by the court without a jury, and findings were made favorable to the plaintiff. A judgment was rendered accordingly, from which the defendant appeals.

There are three sections of the federal bankruptcy statute under which a trustee may operate for the recovery of property formerly belonging to the bankrupt. The one under which this action is brought is Section 60-b, 1 Fed. Stats. Ann. (2 ed.), 1026, reading thus, so far as applicable to the case in hand:

"If a bankrupt shall have * * made a transfer of any of his property, and if, at the time of the transfer, * * and being within four months before the filing of the petition in bankruptcy, * * the bankrupt be insolvent and the * * transfer then operate as a preference, and the person receiving it or to be benefited thereby, * * shall then have reasonable cause

to believe that the enforcement of such * * transfer would effect a preference, it shall be voidable by the trustee and he may recover the property or its value from such person.''

Section 67–e, 1 Fed. Stats. Ann. (2 ed.), 1122, declares:

''That all conveyances, transfers, assignments, or encumbrances of his property, or any part thereof, made or given by a person adjudged a bankrupt * * and within four months prior to the filing of the petition, with the intent and purpose on his part to hinder, delay or defraud his creditors, or any of them, shall be null and void as against the creditors of such debtor, except as to purchasers in good faith and for a present fair consideration; and all property of the debtor conveyed, transferred, assigned or encumbered as aforesaid shall, if he be adjudged a bankrupt, and the same is not exempt from execution and liability for debts by the law of his domicile, be and remain a part of the assets and estate of the bankrupt and shall pass to his said trustee, whose duty it shall be to recover and reclaim the same by legal proceedings or otherwise for the benefit of the creditors. * * ''

1. The third section to which reference is above made is 70–e, 1 Fed. Stats. Ann. (2 ed.), 1212, reading thus:

''The trustee may avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided, and may recover the property so transferred, or its value, from the person to whom it was transferred, unless he was a *bona fide* holder for value prior to the date of the adjudication. Such property may be recovered or its value collected from whoever may have received it, except a *bona fide* holder for value.''

The four months period mentioned in the other sections does not affect operations under Section 70–e. The trustee simply exercises the same right any credi-

tor always had to attack fraudulent transfers. The present action is not brought under this section and the precedents cited by the defendant are not applicable. If 'a creditor would set aside a fraudulent transfer of property, he must, as a general rule, reduce his claim to judgment so that the court will not be required to litigate a preliminary question to determine whether or not the plaintiff is in fact a creditor. By analogy, the trustee in bankruptcy, being the accredited representative of all creditors, has no right after the lapse of four months before filing the petition in bankruptcy, to set aside a fraudulent conveyance good as between the parties to it, unless he has claims presented to him and regularly allowed, as a basis for recovering assets necessary to pay them. He is not otherwise required to reduce them to judgment: *Shreck* v. *Hanlon,* 74 Neb. 264 (104 N. W. 193). If there are no such claims, he has no cause of suit; and unless he shows necessity for breaking up the fraudulent conveyance for the purpose of acquiring assets with which to pay such claims, he does not have the right to proceed.

Section 67–e contains the element of four months prior to the filing of the petition. The expectancy of preference does not enter into the calculation under that section, but the paramount factor therein is the intent of the bankrupt to hinder, delay or defraud his creditors. The action is not brought under that section. It is not pretended in the complaint that the bankrupt intended to hinder, delay or defraud his creditors by the transaction in question.

2. The present litigation is based upon Section 60–b and hence it must appear: (1) that there was a transfer; (2) that at the date thereof the debtor was insolvent; (3) that the transfer operates as a prefer-

ence in favor of the creditor to whom it was made, as against other creditors of the insolvent of the same class.  All of these things may appear, and still the defendant will be blameless and secure against a judgment, unless it shall also be proved as a fourth element that the recipient of the preference, the grantee in the transfer, then had reasonable cause to believe that the transfer would effect a preference in his favor.  Thus it is that under this section the governing element is the transferee's having reasonable cause to believe that the transfer will work out a preference in his favor.  In short, as between Sections 60-b and 67-e the former is controlled by the possession of reasonable cause, on the part of the transferee, to believe that a preference would be effected. And in Section 67-e the mental attitude of fraudulent intent on the part of the bankrupt is the controlling factor.

3. This is not an action in replevin.  It is in trover. In an action to recover property in another's possession, in specie, it is necessary to describe it particularly, so that an officer armed with a writ for the delivery of the property will be advised thereby of its identity.  The objection was made under the demurrer when it was argued that no detailed description of the property appeared in the complaint as it then stood. But it is said in that pleading that the defendant claimed a lien upon certain personal property belonging to Fifer and that about March 10, 1921, the defendant wrongfully and unlawfully took possession of all the personal property covered by the said pretended chattel mortgage and unlawfully converted the same to his own use and benefit.  Here is a tortious act in trover averred.  If defective in form for that purpose, in lack of detailed description, it is cured by the averment in the answer that "the property is the

same property referred to in the plaintiff's complaint which the defendant is alleged therein to have converted." It may be that in that respect the complaint was subject to be made more definite in its description of the property, but it was not subject to demurrer as to that point. The elements of the statute under which this action is brought are met by the averments of the complaint.

The findings of fact, being tantamount to the verdict of a jury, are beyond review by this tribunal, if there be any evidence in the record to sustain them. The transfer is admitted. There is ample evidence to show that the debtor could not at that time pay his creditors, and that his assets were grossly insufficient for that purpose. The testimony tends to show that the property included in the chattel mortgage embraced all of the property used in the bankrupt's business, besides which he had but little else; and that there were other creditors. It is true, there is testimony to the effect that the defendant inquired particularly of the bankrupt about his financial circumstances and was informed that he was about to sell the business for $8,500, which would liquidate all of his debts and leave him a margin in cash; and that upon the valuation of the property according to the estimate of the debtor, and his statement of his debts, the deduction that he was solvent would be natural and reasonable.

4. This, however, is not all of the testimony or all the circumstances to be considered. It depends not necessarily upon what the debtor told him, but what is the actual fact as to the latter's insolvency and as to the effect of the transfer of the great bulk of his property, and the corollary of what this gave the defendant reasonable cause to believe about the transfer as

effecting a preference. In other words, the debtor's statement is not conclusive upon his subsequent trustee. If it were true that the trustee was thus concluded, there would be no use in attacking a preferential transfer.

The trier of the fact had a right to disbelieve the statement attributed to the debtor as to the condition of his finances, to rely upon circumstances otherwise developed, and to arrive at the conclusion as a matter of fact not only that the transfer actually would operate as a preference, but also that the defendant had reasonable cause to believe that such would be the result.

It is true that in the absence of the federal bankruptcy statute a debtor might pay all his assets to one creditor, leaving the others without anything with which to satisfy their claims. But the congressional legislation, as well it might, with a view of securing for creditors a fair and equitable distribution of the bankrupt's property, has said that transfers made while the debtor is insolvent which operate to give one creditor a preference over another, where he has reason to believe that such would be the result, may be avoided by the trustee, if made within four months prior to the filing of the petition in bankruptcy. What reasons actuated the national law-making body is not for us to inquire. Thus it is written, and the law must be respected as so established.

Section 60–b, under which this action is brought, has formulated a statutory procedure for the recovery of property transferred under preference, and the pleadings and proof are sufficient to show a compliance with its terms on the part of the plaintiff. This action is distinguishable from a suit to set aside a fraudulent transfer of property by the debtor with

intent to hinder, delay or defraud his creditors. It is *sui generis* and statutory. The transfer may have been in good faith on the part of the debtor. The element of fraud does not enter into it: *Baden* v. *Bertenshaw*, 68 Kan. 32 (74 Pac. 639). The controlling proposition is that it would create a preference and that the transferee then had reasonable cause to believe that such would be the result. It is not requisite under this action to show that other creditors have filed claims: *Jackman* v. *Eau Claire Nat. Bank*, 125 Wis. 465 (104 N. W. 98, 115 Am. St. Rep. 955), affirmed in 204 U. S. 522 (51 L. Ed. 596, 27 Sup. Ct. Rep. 391, see, ·also, Rose's U. S. Notes). Since these circumstances appear, the result of the action was justifiable.

5. It is claimed in argument that the mortgage was valid as to all property exempt from execution. But exemption from execution is a favor to be claimed only by the judgment debtor, and does not inure to the benefit of his creditors in the absence of such a claim.

It is urged also that the .court erred in deciding that the defendant could not return the property in question in mitigation of damages. It is indeed true that under many authorities where the conversion complained of is merely technical and the defendant at once returns the goods and they are accepted by the plaintiff, this may be shown in mitigation of damages. For instance, in *Churchill* v. *Welsh*, 47 Wis. 39 (1 N. W. 398), cited by the defendant, Welsh held some notes belonging to the plaintiff there for collection under an arrangement said to have been made between the plaintiff and the maker of the notes. But upon being sued in trover for the face value of the notes, Welsh at once filed a disclaimer of any interest in them and brought them into court. The court held,

in substance, that it was a proper exercise of discretion to allow a return of the property in mitigation of damages. To the same effect are the other precedents cited on this point. Here, however, the offer is with a reservation that if the defendant cannot win the case, he is willing to pay the judgment by a return of the property. He proposes to contest the right to the property to the bitter end of judgment, before yielding it to the plaintiff. The case stated by the defendant is not within the scope of the authorities noted.

The judgment is affirmed.

AFFIRMED. REHEARING DENIED. MOTION TO RECALL MANDATE DENIED.