# SUPREME COURT.

### No. 1.

EPHRAIM D. BROWN, as president, &c., agt. THE MAYOR, &c.,
OF NEW YORK.

*Nonsuit — when would do a grievous wrong — when cause should be opened
for further evidence.*

General usage, long continued and unquestioned, among public officers in
matters pertaining to the discharge of their duties is of great force, and
the practical construction thus given to the law has much of the weight
of judicial decision.

The action is for work done for the city of New York in the repair of
sewers, and was ordered by the commissioners of public works, under
the act of 1871 ( *chapter* 220). The defendant insisted that the act of
1871 was repealed by chapter 335 of the Laws of 1873; and that as the
work had not been done by contract, as provided by section 91 of said
latter act, the plaintiff could not recover.

*Held,* that, as the city of New York had had the benefit of the labor and
materials of the plaintiff's assignor, and as they were worth the price
charged (which was admitted on the trial), and as the city had paid a
part of the claim, a nonsuit, even though it followed the statute, would
do a grievous wrong.

*Held,* further, that, in view of the difficulty created as to the legislative
intent in these various statutes (in relation to work to be done for the
city of New York), upon which subject the practice of the city officers
since 1873, and the character of the work done by the assignor of the
plaintiffs, will throw great light, the proper course is to open the cause
for the reception of additional evidence, so that every fact bearing upon
the construction of these statutes, on which this action depends, may
be fully considered.

*New York Circuit, March,* 1877.

TRIAL by the court without a jury.

*John H. Strahan*, for plaintiff.

*A. J. Requier*, for defendant.

WESTBROOK. *J.* — Upon the trial of this cause, which involved work done for the city of New York in the repair of sewers, and ordered by the commissioners of public works of said city, the defendant insisted that the act of 1871 (*chap.* 220), under which it had been ordered, was repealed by chapter 335 of the Laws of 1873, entitled "An act to reorganize the local government of the city of New York;" and that as the work had not been done by contract, as provided by section 91 of said latter act, the plaintiff could not recover.

As the city of New York has had the benefit of the labor and materials of the plaintiff's assignor, and as they were worth the price charged (this was admitted on the trial), and as the city had paid a part of the claim, a nonsuit, even though it followed the statute, would do a grievous wrong. Further examination of the statutes reveals the fact that, by chapter 493 of the Laws of 1875, the act of 1871, under which the plaintiff seeks a recovery, was expressly repealed; and by the second section thereof, though it was passed June 5, 1875, it is declared that the repealing act shall "take effect on the first day of January, eighteen hundred and seventy-six." It is clear, then, that the legislature assumed, at least, that until that date (January 1, 1876) the act of 1871 was in force. It may also be plausibly argued, at least, that the act prescribing the period of the commencement of the life of the repealing act is, by necessary implication, a continuance of that which is so repealed until that date.

In *Easton* agt. *Pickersgill* (55 *New York*, 310, 315), it was held, " general usage, long continued and unquestioned, among public officers, in matters pertaining to the discharge of their duties, is of great force, and the practical construction thus given to the law has much of the weight of judicial decision." What the practice of the city of New York has been since

the passage of the act of 1873, except with the assignor of the plaintiff, does not appear. If it was in conformity with that pursued towards him, it would be of great weight in determining the question before us.

In *People* agt. *Flagg* (17 *N. Y.*, 584), and in *Peterson* agt. *The Mayor* (*id.*, 449), and in various other cases (*The Farmers' Loan and Trust Company* agt. *The Mayor*, 4 *Bos.*, 89; *McLaren* agt. *The Mayor*, 1 *Daly*, 246; *The Harlem Gas-Light Company* agt. *The Mayor*, 33 *N. Y.*, 324), it has been held that general and broad words requiring work to be done by contract should sometimes, depending upon the nature and character of the service, have a restricted meaning. What the particular work done to sewers, and for which compensation was sought in this action, was, does not appear. It may have been of a kind to do which under contract would have been, in view of pressing needs, and danger to the city as well as to its inhabitants, utterly impracticable; and that fact, if it existed, ought to be shown, and might have great weight in the ultimate disposition of the cause.

In view, then, of the fact that chapter 220 of the Laws of 1871, under which the plaintiff claims to recover, and which the defendants insist was repealed, by implication, by chapter 335 of Laws of 1873, was expressly repealed by chapter 493 of the Laws of 1875, which repealing act, by its uttered words, was to take effect January 1, 1876, and, therefore, not before that date; and, in view of the difficulty then created as to the legislative intent in these various statutes, upon which subject the practice of the city officers since 1873, and the character of the work done by the assignor of the plaintiff, will throw great light, it is deemed the best and safest course to open this cause for the reception of additional evidence, so that every fact bearing upon the construction of these statutes, on which this action depends, may be fully considered.