(92 App. Div. 564.)

## DE GRAFF v. LANG.

(Supreme Court, Appellate Division, Fourth Department. March 15, 1904.)

1. BANKRUPTCY—RECOVERY OF PREFERENCE—EVIDENCE OF INSOLVENCY.

The adjudication of the United States court in a bankruptcy proceeding that bankrupt was insolvent at the time a judgment was obtained against her, less than four months before the filing of the petition in bankruptcy, is conclusive in an action by the trustee in bankruptcy to recover the proceeds of a sale of bankrupt's property under an execution on the judgment.

Action by William De Graff, as trustee in bankruptcy for Fanny Meng, an adjudged bankrupt, against Rosa C. Lang. A motion for nonsuit was granted at the close of the evidence, and plaintiff moves for a new trial on a case containing exceptions, ordered to be heard in the Appellate Division in the first instance. Motion granted.

The action was commenced on the 1st day of February, 1902, by the plaintiff as trustee in bankruptcy for one Fanny Meng, an adjudged bankrupt, to recover from the defendant, a judgment creditor of Fanny Meng, the sum of $845.67 received by her from the sheriff of Monroe county, being a part of the proceeds of the sale by said sheriff of the property of Fanny Meng under and by virtue of executions issued upon defendant's judgment and others, which were recovered within four months of the time of the filing by other creditors of Fanny Meng of an involuntary petition in bankruptcy against her, and upon which petition such proceedings were had as resulted in the adjudication in the United States District Court that said Fanny Meng was a bankrupt, the entry of judgment to that effect, and the appointment of the plaintiff as trustee based upon such decree.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Harry Otis Poole, for appellant.
H. B. Hallock, for respondent.

McLENNAN, P. J. Fanny Meng was the owner of and engaged in running a hat and fur store in the city of Rochester, N. Y. On the 26th day of December, 1899, four judgments were recovered against her by her three sisters-in-law, respectively, aggregating about $2,-615.50. One of said sisters-in-law is the defendant in this action, and her judgment amounted to the sum of $845.67. Executions were immediately issued upon all of said judgments to the sheriff of Monroe county, and on the 2d day of January, 1900, all of the property of Fanny Meng was sold thereunder for the sum of $2,068. Out of the proceeds of such sale the defendant's judgment was paid in full, as were two of the others, and the balance of the proceeds of such sale, being $4.42, was applied upon the other or fourth execution. On the 6th day of March, 1900, and within four months of the time when such judgments were recovered, an involuntary petition in bankruptcy was filed against Fanny Meng by certain other of her creditors, alleging that she was insolvent and unable to pay her debts at the time the judgments aforesaid were recovered, and asking that she be adjudged a bankrupt. In answer to such petition Fanny Meng denied her insolvency at the time when such judgments were recovered. Neither the defendant nor any of the judgment creditors above referred to were made parties to such proceeding.

The issue thus raised by the answer of Fanny Meng was tried in the United States District Court, before the court and a jury. The jury found that Fanny Meng was insolvent at the time such judgments were recovered, and thereupon, and on the 17th day of May, 1901, a decree was duly made and entered in said court adjudging that Fanny Meng was insolvent at the time of the recovery of such judgments, and declaring her a bankrupt. Thereafter, and on the 3d day of June, 1901, the plaintiff was duly appointed trustee in bankruptcy of the estate of Fanny Meng. He duly qualified and entered upon the discharge of his duties as such. Thereupon the plaintiff brought this action to recover from the defendant the amount which was paid to her upon the judgment which she recovered against Fanny Meng, alleging and claiming that said judgment, and all proceedings had thereunder, were void, because recovered and had when Fanny Meng was insolvent, and within four months prior to the filing of the petition in bankruptcy against her. The defendant denied the insolvency of Fanny Meng, and alleged that her judgment was obtained in the ordinary course, and in good faith, to recover a valid debt owing to her by Fanny Meng.

After making prima facie proof of the other necessary facts, the plaintiff, for the purpose of establishing the insolvency of Fanny Meng, at the time the defendant and the other judgment creditors referred to recovered their judgments, introduced in evidence the decree of the United States District Court, which adjudged that Fanny Meng was insolvent at such time, and rested. The learned trial court held and decided that such decree was no evidence of the insolvency of Fanny Meng, as against the defendant in this action. The plaintiff then offered to make common-law proof of such insolvency, but the court held that having rested his case he ought not to be permitted to reopen for that purpose, and denied his application for leave to make such proof. Thereupon the learned trial court granted the defendant's motion for a nonsuit, and directed that the exceptions be heard in this court in the first instance.

In case Fanny Meng was insolvent within four months prior to the filing of the petition in bankruptcy against her, and the judgment of the defendant was recovered against her within that time, it must be conceded that such judgment, and all proceedings taken thereunder, were void, because unquestionably the effect of the recovery of such judgment, the issuing of the execution thereon, and the sale of Fanny Meng's property thereunder, was to give a preference to the defendant, which is prohibited by the bankrupt law. Section 67f, c. 541, Act July 1, 1898, 30 Stat. 564, 565 [U. S. Comp. St. 1901, p. 3450], is as follows:

"All levies, judgments, attachments or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment or other lien shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt."

We think it should be held that the decree of the United States District Court put in evidence conclusively establishes, for the purposes of this action, that Fanny Meng was insolvent at the time the defend-

ant recovered judgment against her, and sold her property, by virtue of the execution issued upon such judgment. Any other holding would lead to endless confusion in the administration of the law, and would in many cases nullify one of the principal purposes of the bankruptcy· act. If the question of Fanny Meng's insolvency can be retried in this case, notwithstanding the decree of the United States District Court adjudging such insolvency, it may be controverted and litigated in any case brought by a trustee in bankruptcy to secure the estate of a bankrupt against a person who may have obtained such estate by process issued out of the state courts, where such person was not made a party to the bankruptcy proceedings. In the case at bar the entire property of Fanny Meng was devoted to the payment of four judgments obtained by her three sisters-in-law, one of whom is the defendant, within four months of the time when other of her creditors filed a petition in bankruptcy, in which it was alleged, in substance, that she was a bankrupt at the time such judgments were obtained, and basing such allegation upon the fact of the recovery of such judgments, and upon that and other sufficient proof, as we must assume, such insolvency was established, and the decree of a court of competent jurisdiction was made in accordance with such allegation and proof.

We think the decree of the United States District Court, for the purposes of this action, should be regarded as conclusively establishing that Fanny Meng was insolvent at the time when the defendant recovered her judgment, and that the validity of such decree cannot be questioned in this action.

In Carter v. Hobbs, 1 Am. Bankr. Rep. 215 (D. C.) 92 Fed. 594, the headnote is as follows:

"An adjudication in bankruptcy being an adjudication in rem, all persons interested in the res are regarded as parties to the bankruptcy proceedings. Among such parties are not only the bankrupt and trustee, but all creditors, including lienors."

See, also, Chapman v. Brewer, 114 U. S. 169, 5 Sup. Ct. 799, 29 L. Ed. 83; Rhoades v. Selin, 4 Wash. C. C. 716, Fed. Cas. No. 11,740.

In Levor v. Seiter, 34 Misc. Rep. 382, 69 N. Y. Supp. 987, it was held that an adjudication which adjudges bankruptcy is sufficient proof of the fact of insolvency, within the language and intent of the act.

In Matter of Ulfelder Clothing Co., 3 Am. Bankr. Rep. 425 (D. C.) 98 Fed. 409, it was said:

"So it seems, in proceedings against a bankrupt, any creditor who had a right to appear and join in a petition to be heard in opposition thereto, under section fifty-nine, even though entitled to notice, and though he does not appear, is in contemplation of the law represented by the bankrupt, and concluded as to all matters directly in issue and determined by the decree. At all events, the decree is conclusive upon the bankrupt and a creditor who is a direct party to the proceedings."

In Chapman v. Brewer, supra, it was said:

"The district court which made the adjudication having had jurisdiction of the subject-matter, and the bankrupt having voluntarily appeared, and the adjudication having been correct in form, it is conclusive of the fact decreed, and cannot be attacked collaterally in a suit brought by the assignee against a person claiming an adverse interest in property of the bankrupt."

In In re Breslauer, 10 Am. Bankr. Rep. 33 (D. C.) 121 Fed. 910, it was said:

"The filing of a petition in bankruptcy is a caveat to all the world, and in effect an attachment and injunction."

The many cases cited in the opinion in that case we think fully sustain the proposition.

The cases referred to would seem to establish that the decree of the United States District Court, put in evidence in this case by the plaintiff, was sufficient to prove the insolvency of Fanny Meng at the time when the judgment of the defendant was obtained, and this was really the only issue involved. There is no suggestion in the evidence that the adjudication in bankruptcy was obtained by collusion with the bankrupt. In fact, as we have seen, she appeared in that proceeding and vigorously contested that issue. We are therefore constrained to hold that the decree of the United States District Court put in evidence furnished conclusive evidence that at the time the judgment of the defendant was obtained Fanny Meng, the judgment debtor, was insolvent, and that, therefore, under the bankruptcy act, such judgment was absolutely void, and that the plaintiff had a right to recover the amount which the defendant received in satisfaction of such judgment, it having been paid to her out of the proceeds of the property of the bankrupt. We also think the learned trial court improperly exercised its discretion in denying the plaintiff permission to reopen his case and make common-law proof of the insolvency of Fanny Meng at the time when the judgment of the defendant was obtained. We therefore conclude that the plaintiff's exceptions should be sustained, and a new trial granted, with costs to the plaintiff to abide event.

Plaintiff's exceptions sustained, and new trial ordered, with costs to the plaintiff to abide event. All concur; SPRING and WILLIAMS, JJ., in result only.