MADALEINE ELISE LEMYÉ, Appellant, v. FRANCOIS-PIERRE-CHARLES SIRKER (Sometimes Known as CARL SIRKER) and Others, Respondents.

Third Department, May 15, 1929.

*J. Franklin Kilmer* and *Walter F. Wellman* [*Walter F. Wellman* of counsel], for the appellant.

*Poersch & St. Louis* [*Mathias P. Poersch* of counsel], for the respondent Carl Sirker.

*John D. Miller* [*Mathias P. Poersch* of counsel], for the respondent Alma Sirker.

*Wemple, Peters & Wemple*, for the respondents Freyer.

HASBROUCK, J. There are two appeals. One from an order denying the motion to open the case so as to permit the plaintiff to furnish evidence on the Belgian law governing the disposition of the common property of the parties to the marriage under a pre-nuptial agreement. The other appeal is from the judgment dismissing the complaint herein.

The parties Lemyé and Sirker were married in 1906. They lived together until 1911. Sirker came to America during the World War and accumulated both real and personal property in Schenectady, N. Y.

The plaintiff procured a decree of divorce from Sirker in the Belgian court in June, 1921, and judgment was declared in November of the same year.

Section 5 of the pre-nuptial agreement is as follows: " There shall be between the parties an association of acquets exclusively composed of the profit and economics (savings) they may make during their marriage and of the unemployed incomes from their respective own property. These incomes, however, shall remain the own property of each party until they are put in the community chest. All purchases (acquired property) by either one of the parties during the marriage, without a clause about remploi (acquisition of real estate with money coming from the sale of one's own property) shall be, for lack of justification, supposed to have been made with money belonging to the association of acquets."

Defendant Sirker, prior to November, 1921, acquired No. 155 Barrett street, Schenectady, N. Y., and conducted thereon a restaurant. Sirker, while living with his wife in Belgium, had run the common property — communaute — in debt to the extent of some 43,800 francs and the plaintiff paid such debts by giving a mortgage on her own property which was paid by selling the property in 1923.

This action was brought among other things to declare plaintiff a tenant in common with the defendant Charles Sirker in one-half of the restaurant, real estate and for the payment of one-half of the 43,800 francs.

The evidence in the action brought in 1927 and tried in July, 1928, consists principally of the depositions of the plaintiff and of two Belgian lawyers testifying to certain Belgian law and to the Belgian Civil Code. On the trial section 1463 of the Code was introduced in evidence and provides as follows: " The wife, divorced or judicially separated, who has not, within the three months and forty days following the divorce or separation finally declared, accepted the ' communaute ' is supposed to have renounced it."

At the close of the plaintiff's case the defendant among other things moved to dismiss the complaint upon the ground that the plaintiff had not accepted the common property after the divorce.

The question apparently not anticipated immediately arose as to what conduct upon the part of the wife constituted acceptance within the statute. The action was submitted to the trial court on July thirty-first.

In September, 1928, the plaintiff's attorneys wrote to Belgian Counsel Stasse, inquiring about the law on the subject of acceptance. Stasse replied by radiogram on October twelfth and by letter later and in November plaintiff moved the court for leave to open the case to take evidence of legal experts upon the construction to be placed upon and the effect of the acts of the plaintiff regarding her acceptance of the communaute.

It will be observed that the plaintiff's counsel moved with reasonable speed to make the motion. On December eighth the court denied the motion and on December twenty-seventh rendered his decision dismissing the complaint on the ground that the plaintiff had not accepted the common property.

It will serve no purpose to reverse the judgment if the plaintiff had no reasonable ground upon which to base the hope of success in the action. Her right of action is based upon the pre-nuptial agreement. Such agreements though made in foreign countries have been recognized and enforced in this country. (*Matter of Majot*, 199 N. Y. 29; *Bonati* v. *Welsch*, 24 id. 157; *Van Cortlandt* v. *deGraffenried*, 147 App. Div. 825, 829; *DeBarante* v. *Gott*, 6 Barb. 492.)

Another obstacle to recovery would arise upon the question as to whether or not the Belgian divorce was valid and binding in this State. No question except by the answer was raised as to the validity of the divorce upon the trial. The efficacy of the decree and the statement in it that " all legal formalities had been fulfilled " were not disputed after the decree had been introduced in evidence; and, unless further challenge of the decree shall be made by the defendants or some of them we shall regard the decree of divorce as binding upon the parties in this country.

With the contents of the depositions of the plaintiff and the Belgian attorneys, plaintiff's counsel may not have been acquainted until they were read upon the trial. The first hearing in Liege for the taking of depositions was set for June eleventh, and the depositions arrived only in time to be used at the trial. It was only after the Belgian Civil Code had been read by the attorneys for the plaintiff before or at the trial that the part section 1463 thereof was to play upon the trial became apparent.

· The letter of Stasse set forth in the moving papers shows how and by what facts the presumption stated in the statutes may be overthrown. We think the denial of the motion herein has resulted in depriving the plaintiff of a full and fair trial. (*Brown* v. *Mayor*, 55 How. Pr. 8, 10; *DeGraff* v. *Lang*, 92 App. Div. 564, 568, 569.)

The order should be reversed, the motion granted and the judgment reversed and a new trial granted, with costs and disbursements to the appellant.

VAN KIRK, P. J., DAVIS and HILL, JJ., concur; WHITMYER, J., dissents.

Judgment and order reversed on the law and facts, and a new trial granted, with costs to the appellant in this court.