(34 Misc. Rep. 382.)

## LEVOR v. SEITER et al.

(Supreme Court, Special Term, New York County.  March, 1901.)

**1. BANKRUPTCY—VOID JUDGMENT—ACTION TO SET ASIDE.**

Under Bankruptcy Act, § 67, clause "f," a proviso enacting that all levies, judgments, or other liens obtained through legal proceedings against an insolvent within four months before the filing of a petition in bankruptcy shall be void if the debtor is adjudged a bankrupt, where attaching creditors of a firm recover judgment against it within four months before the filing of a petition in bankruptcy against it, the fact that the sheriff sold under the execution, and distributed the proceeds before petition had been filed, does not bar the trustee from avoiding the judgment and recovering the proceeds.

**2. SAME—INSOLVENCY.**

In order that a trustee in bankruptcy may be able to avoid a certain judgment rendered within four months before the adjudication in bankruptcy, he must show that at the time the judgment was rendered the aggregate of the property of the firm and the individual members thereof was not at a fair valuation sufficient to pay their debts.

**3. SAME.**

The fact that a firm suffered judgment, and that it was partially satisfied, is not of itself proof of insolvency within the bankrupt act, so as to authorize the setting aside of the judgment because obtained within four months of adjudication in bankruptcy.

**4. SAME—EVIDENCE.**

An amended petition in bankruptcy against a firm charged as the particular act of bankruptcy the recovery of a judgment against the firm, and its partial satisfaction by execution within four months from the adjudication in bankruptcy, and at a time when the firm and the individual members were insolvent. The allegations of the petition were not denied, and the adjudication reciting the default followed the petition, and adjudged bankruptcy "accordingly." *Held*, that there was sufficient proof of the insolvency of the firm, within the meaning of the bankruptcy act, at the time the judgment was suffered.

Action by Harry Levor, trustee in bankruptcy, against Henry W. Seiter and others.  Judgment for plaintiff.

Hayes & Bitterman, for plaintiff.
Zeller & Miehling, for defendants.

LEVENTRITT, J.  On the 20th of November, 1899, a petition in involuntary bankruptcy was filed against a co-partnership consisting of one Blair and others.  On the 22d of March, 1900, an adjudication was had declaring them bankrupts.  Within four months of the filing of the petition, to wit, on the 5th of October, 1899, the defendants recovered a judgment against the co-partnership.  Execution was issued, and under it property previously levied upon under an attachment was sold, and the proceeds realized were paid over to the defendants.  The complaint, in addition to the facts stated, and the necessary formal allegations, also avers insolvency of the co-partnership at the time of the entry of the judgment and of the levy and sale, and that the defendants had knowledge thereof.  The answer denies these allegations.  The plaintiff rested, after putting in evidence the original and the amended petitions in bankruptcy, the adjudication, the order appointing the trustee and approving his bond, and after testifying that no assets had come into his posses-

sion. Two points are urged in opposition to granting the relief asked for in the complaint. On the first I have no hesitancy, in view of the language of the law and the tendency of decided cases, in holding that the payment over by the sheriff of the proceeds under the execution sale before the institution of the bankruptcy proceedings, although within the prescribed four months of the act, is no bar to the trustee's rights. In re Richards, 3 Am. Bankr. R. 145 (D. C.) 95 Fed. 258; In re Kenney, 2 Am. Bankr. R. 494 (D. C.) 95 Fed. 427 (D. C.) 97 Fed. 554; In re Richard, 2 Am. Bankr. R. 506 (D. C.) 94 Fed. 633; Bankruptcy Act, § 67, cl. "f," proviso. On the second point I hold with the defendants that proof of insolvency at the time the lien was obtained should be made, but at the same time I am of the opinion that such proof is in the case. The material part of section 67, cl. "f," reads:

"That all levies, judgments, attachments, or other liens obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be null and void in case he is adjudged a bankrupt."

Insolvency is defined under the act as follows (section 1, definition 15):

"A person shall be deemed insolvent within the provisions of this act whenever the aggregate of his property * * * shall not, at a fair valuation, be sufficient in amount to pay his debts."

Under section 3 certain acts are declared ipso facto to be acts of bankruptcy, but merely suffering a judgment to be entered is not one of them, and, were there nothing further in the proof than the fact of the recovery within four months of the filing of the petition, I should be disposed to find for the defendants. The present act is quite different in this respect from the former one, judicial construction of which established insolvency to be, in effect, inability to meet debts as they matured. Coll. Bankr. 45. Now, there must be proof that the aggregate of the property was insufficient, at a fair valuation, to pay the bankrupts' debts. "It must appear that the person whose property is subject to the lien was insolvent at the time of the creation of the lien." Coll. Bankr. 434. In the modern rapid fluctuations which a trader's financial fortunes are apt to undergo, the occurrences of a week or a day may change a going into an insolvent concern. In view of the definition accorded to the term "insolvent" in the act, it would neither be within its language nor intent to hold that permitting judgment and its satisfaction is proof that the debtor had no other property sufficient to pay his other debts. Section 67; cl. "f," specifically contemplates insolvency at the time judgment is obtained as a condition precedent to vacatur upon a subsequent adjudication of bankruptcy. Four months is fixed as the period within which a judgment may be nullified or avoided, but not as the period within which insolvency is necessarily presumed. In re Alexander, 4 Am. Bankr. R. 382 (D. C.) 102 Fed. 464. This is my construction of the insolvency provision of section 67, cl. "f." But there is proof in this case of the insolvency at the time judgment was obtained. The amended petition, in which the subsequent adjudication of bankruptcy was based, charges as the

particular act of bankruptcy permitting the recovery and partial satisfaction by execution of the judgment against the co-partnership at a time when it and its individual members were insolvent. The amended petition was not pleaded to, and therefore none of the facts alleged therein were controverted. The adjudication recites the default, follows the petition, and adjudges bankruptcy "accordingly." I take this as sufficient proof of the fact of insolvency within the language and intent of the act.

Judgment for plaintiff.