GREENE, RESPONDENT, *v.* MONTANA BREWING COMPANY, APPELLANT.

(No. 1,599.)

(Submitted June 1, 1903.  Decided June 15, 1903.)

*Bankruptcy — Preferences — Knowledge of Creditor — Judgments—Satisfaction Before Bankruptcy—Proceeds of Execution Sale — Recovery by Trustee — Complaint — Appeal— Transcript — Unnecessary Matter — Dismissal of Appeal— Cost of Printing—Rules of Supreme Court.*

1    Bankruptcy Act (Act of Congress July 1, 1898), Section 60b, provides that
     if a bankrupt shall have given a preference within four months before the
     filing of the petition, or after filing the petition and before adjudication,
     and the person receiving it shall have had reasonable cause to believe that
     it was intended thereby to give a preference, it shall be voidable by the
     trustee, etc.    *Held,* that where a petition to avoid an alleged preference
     failed to allege that the preferred creditor had reasonable cause to believe
     that the bankrupt by suffering judgment to be recovered intended to give
     such creditor a preference, within the meaning of the bankruptcy act, it
     was insufficient, since the burden of proof was on the petitioner to sustain
     such proposition.

2.   Bankruptcy Act (Act of Congress July 1, 1898), Section 67f, provides that
     certain liens, including judgment liens obtained through legal proceedings
     against an insolvent within four months prior to the filing of a bankruptcy
     petition against him, in case he is adjudged a bankrupt, shall be void, and
     the property affected shall pass to the trustee.    *Held,* that such section
     affects only the lien of a judgment recovered within four months before
     the filing of a bankruptcy petition, and not the judgment itself, and
     hence, where property had been sold under execution, and the judgment
     satisfied, before the filing of the petition, there was no judgment lien
     which could be released, within such section, and the trustee was not
     entitled to recover against the creditor thereunder the proceeds of the
     property so sold.

3.   The unnecessary incorporation of formal parts of pleadings, writs, and
     other papers in the transcript on appeal, in violation of Supreme Court
     Rule VII, is not ground for dismissal of the appeal.

4    Where appellant unnecessarily incorporated formal parts of pleadings,
     writs and other papers in the transcript on appeal in violation of Su-
     preme Court Rule VII, he was not entitled to recover the expense of
     printing that portion of the transcript so incorporated.

*Appeal from District Court, Cascade County; J. B. Leslie,
Judge.*

Action by Howard S. Greene, as trustee in bankruptcy of
Chris Peterson, against the Montana Brewing Company. From
a judgment in favor of plaintiff, defendant appeals. Reversed.

Statement of the Case.

This is an action in conversion brought by a trustee in bank-
ruptcy against the Montana Brewing Company to recover the
sum of $534.25. The complaint alleges that on August 17,
1899, the Montana Brewing Company commenced certain ac-
tions against one Chris Peterson; that writs of attachment were
issued, and certain personal property belonging to Peterson
seized thereunder; that judgments were recovered by the brew-
ing company against Peterson, executions issued, and on August
28, 1899, the attached property was sold for $534.25, and the

money realized from such sale was paid over to the judgment
creditor in satisfaction of its judgments, *pro tanto,* at least;
that on October 31, 1899, a petition in involuntary bankruptcy
was filed against Peterson in the United States District Court
for Montana, and on December 18, 1899, he was adjudged a
bankrupt; that on January 2, 1900, the plaintiff (respondent),
Greene, was appointed trustee of such bankrupt estate.    To this
complaint a demurrer was interposed on the ground that the
complaint does not state facts sufficient to constitute a cause of
action.    The demurrer was overruled, and the defendant (ap-
pellant) answered.    On the trial the defendant objected to the
introduction of any evidence on the part of the plaintiff, upon
the ground that the complaint does not state facts sufficient to
constitute a cause of action.    This objection was overruled.    The
trial court instructed the jury to return a verdict in favor of the
plaintiff for the amount of his demand, and from a judgment
entered for the amount of the verdict this defendant appeals.

*Mr. William G. Downing,* for Appellant.

The complaint in this case fails to state a cause of action
against the defendant, and the court ought not to have overruled
the demurrer to the complaint.

"To entitle an assignee in bankruptcy to successfully attack
a preference given to the creditor, as being in fraud of the bank-
ruptcy law, he must bring himself entirely within the statutory
provisions."    (*Annibal Assignee, etc.* v. *Heacock,* 2nd Federal,
page 169; *In re Eggert,* 98 Fed. 843.)

"The burden of showing that a creditor of the bankrupt has
acquired an illegal preference, is upon the assignee seeking to
avail himself of that fact.    He must show, by a fair preponder-
ance of proof, that the debtor was insolvent, or in contemplation
of insolvency; that the security was designed to give a prefer-
ence, and that the creditor had a reasonable cause to believe the
insolvency and knew the security was designed to give a prefer-
ence."    (*Crain* v. *Penny,* 2d Fed. page 18; Black on Bank-

ruptcy, 1898, page 189, and cases cited; *In re Nelson,* 98 Fed. page 76; *Samuel V. Mays et al.* v. *Frederick A. Fritton,* 20th Wallace, 414-420; *Clarke* v. *Iselin,* 21st Wallace, page 360-378; *In re Blair,* 4 Am. Bankruptcy Repts. 220; Collier on Bankruptcy, 3d Ed., 346-347; *Levor* v. *Seiter,* 8 Am. Bankruptcy Repts. 459; see, also, 102 Fed. 987.)

*Mr. George H. Stanton,* for Respondent.

The first error assigned is that the court committed error in overruling the appellant's demurrer to the complaint. This demurrer was based upon the alleged ground that the complaint failed to state facts sufficient to constitute a cause of action. The complaint sets forth concisely all the facts out of which this controversy has grown, and any other allegations in the complaint would have been surplusage. Perhaps the easiest way to answer the appellant's contention respecting the alleged error committed in overruling the demurrer is to quote the language of the learned district judge found in his memorandum at the foot of the order overruling the demurrer, which memorandum is as follows: "The foregoing order is based upon the provisions of Section 67 of the Bankruptcy Act, and Subdivision F of said section, which provides, among other things, that all judgments obtained through legal proceedings against a person who is insolvent at any time within four months prior to the filing of a petition in bankruptcy against him shall be deemed null and void in case he is adjudged a bankrupt. In the case at bar the judgment was recovered within four months prior to the judgment debtor being adjudged a bankrupt. Under the provisions of said subdivision of said section, the judgment is declared to be a nullity. This section has been held to be in full force in the case *In re Richards,* reported in 96 Fed. Rep. 935; *In re Vaughan,* 97 Fed. Rep. 560; *In re Higgins,* 97 Fed. Rep. 775. By Section 70 of the Bankruptcy Act the trustee is vested by operation of law with the title of the bankrupt as of the date he was adjudged a bankrupt with all the powers which the bank-

rupt might have exercised for his own benefit.   The judgment of the defendant against the bankrupt Peterson by operation of law being a nullity, the trustee under the foregoing provisions would have full power to recover the proceeds arising from the enforcement of such void judgment.   This seems to be the construction of the Bankruptcy Act touching the question involved in this case by the federal courts.   *In re Kenney,* 97 Fed. Rep. 557, the court says: 'This provision (referring to Subdivision F of Section 67) shows incontestably that no preference can be acquired by levy and sale within four months of filing the petition in bankruptcy; but that though the *bona fide* purchaser at the sale will be protected, the proceeds must stand in lieu of the property sold, and that the judgment creditor's right under such levy will pass to the trustee in bankruptcy.'   The same conclusion substantially is reached in *In re Hammond,* 98 Fed. Rep. at top of page 863; see, also, *In re Franks,* 96 Fed. Rep. 635; *In re Felle Rath,* 95 Fed. Rep. 121."

MR. JUSTICE HOLLOWAY, after making the foregoing statement, delivered the opinion of the court.

The plaintiff must recover, if at all, by virtue of Section 60b or Section 67f of the Bankruptcy Act of 1898 (Act July 1, 1898, c. 541, 30 Stat. 562, 565 [U. S. Comp. St. 1901, pp. 3445, 3450]); and the complaint must be tested by the provisions of those sections, which are as follows:

"Sec. 60b.   If a bankrupt shall have given a preference within four months before the filing of a petition, or after the filing of the petition and before the adjudication, and the person receiving it, or to be benefited thereby, or his agent acting therein, shall have had reasonable cause to believe that it was intended thereby to give a preference, it shall be voidable by the trustee, and he may recover the property or its value from such person.

"Sec. 67f.   That all levies, judgments, attachments, or other liens, obtained through legal proceedings, against a person who is insolvent, at any time within four months prior to the filing

of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt. * * *"

Under the terms of Section 60b, above, not every preference is voidable at the election of the trustee, but only such as shall have been given within four months before the filing of the petition in bankruptcy, or after its filing and before adjudication, and wherein the person receiving the preference, or to be benefited thereby, shall have had reasonable cause to believe that it was intended to give such preference. In order, then, that the trustee shall prevail, he must show, first, that the preference was given within four months before the filing of the petition; and, second, that the Montana Brewing Company had reasonable cause to believe that Peterson, in suffering judgments to be recovered against him in August, 1899, intended thereby to give appellant a preference, within the meaning of the Bankruptcy Act; and the burden of proof is upon the trustee to sustain both of these propositions. (*Levor* v. *Seiter*, 8 Am. Bankr. R. 459, 74 N. Y. Supp. 499.) If these facts must be proved in order to entitle the trustee to recover, the facts must be alleged in his complaint, in order to admit the proof; and, in the absence of the allegation that the Montana Brewing Company had reasonable cause to believe a preference was intended, the complaint fails to state a cause of action under Section 60b.

Section 67f provides that certain liens including judgment liens obtained through legal proceedings against an insolvent within four months prior to the filing of the petition in bankruptcy, shall, in case he is adjudged a bankrupt, be void, and the property affected shall be discharged from the same, and shall pass to the trustee for the benefit of the bankrupt estate. It is not the judgment which becomes void, but the lien of the judgment becomes ineffective to longer hold the property, and it passes to the trustee. Such

is the manifest meaning of the section, when considered as a whole. In fact, the subject-matter of the section is *liens,* not *judgments.* (*In re Pease,* 4 Am. Bankr. R. 547.)

The complaint alleges that prior to the filing of the petition in bankruptcy the property of Peterson had been sold under execution, had gone into the hands of innocent third parties, and the money had been paid to the judgment creditor in satisfaction of its judgments. When the petition in bankruptcy was filed, then, there was no property of the bankrupt estate subject to a judgment lien which could be released from the same, or which could pass to the trustee for the benefit of the bankrupt estate. The judgment had been satisfied, and the matter entirely closed, before any bankruptcy proceedings were initiated, and the provisions of Section 67f therefore have no application whatever to the facts of this case. In *Levor* v. *Seiter,* above, the same state of facts was presented as in the case at bar; and the Supreme Court of New York held that the trustee could not recover under Section 60b, for failure to prove that the judgment creditor of the bankrupt had reasonable cause to believe that the bankrupt, by suffering judgment to be taken against him, intended thereby to give a preference, and further held that, as the money had been paid over to the judgment creditor before the bankruptcy proceedings were instituted, the provisions of Section 67f did not apply.

There is nothing in the views herein expressed which conflicts with the decisions in *In re Kenney* (D. C.), 95 Fed. 427, or *In re Blair* (D. C.), 102 Fed. 987.

We have, therefore, a case which does not fall within the provisions of Section 67f, and a complaint which does not state facts sufficient to constitute a cause of action under the provisions of Section 60b.

A motion to dismiss this appeal has been interposed upon the ground that the appellant has violated Rule VII of the rules of this court in incorporating in the transcript the formal parts of the pleadings, writs, and other papers, when no question arises in respect to the same, and in incorporating in the tran-

script exhibits used in the trial court, when no question of any character is predicated upon them. There are other grounds of the motion which it is not necessary to consider. In so far as Subdivision 5 of Rule VII has been violated by incorporating in the transcript mere formal parts of papers, the appellant will not be permitted to recover as part of his costs the expense of printing that portion of the transcript thus encumbered. At least one-third of the expense of printing the transcript was unnecessarily incurred. The motion to dismiss the appeal is denied.

The judgment is reversed. The appellant will recover only two-thirds the expense of printing the transcript in this case, together with such other costs as by law he is entitled to recover.

Rehearing denied, July 14, 1903.