### In re PERLEY & HAYS.

(District Court, E. D. Missouri, N. D. May 29, 1905.)

BANKRUPTCY—PARTNERSHIP—INSOLVENCY.

> A partnership is not insolvent, within the meaning of Bankr. Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418], when the property of the partnership, together with that of the individual members, exceeds in value the indebtedness of the firm and members.

In Bankruptcy. Hearing on involuntary petition.

Seneca Taylor, for creditor.
O. P. Barton and G. W. Whitecotton, for bankrupts.

ROGERS, District Judge. This is an involuntary petition in bankruptcy by a single creditor against the partnership of Perley & Hays. A jury was waived, and the case submitted to the court for trial. The evidence on the part of the creditor shows that the bankrupts were burned out in business; that after being burned out they represented, in substance, that they could not pay the debt of the petitioning creditor, and could not "rake or scrape" more than 80 per cent. of his claim, which was $3,320. The bankrupt Perley also represented to the agents of the petitioning creditor that, if the latter did not settle in his way, he could never get half of what they offered, viz., 80 per cent. of the claim; that he had fixed his own individual property in such a way that they could not reach it. The proof also shows that Perley had, since the fire, conveyed a large part of his real estate—part to his wife, and 15 or 20 lots to another person. These facts prima facie make out a case of in-

solvency, and of a fraudulent intent to hinder, delay, and defraud the creditors of the bankrupt firm.

On the trial the bankrupt Hays testified that he had about $600 in bank to his own credit, and had two horses worth $200. The bankrupt Perley testified that the firm of Perley & Hays has $1,000 in bank to its credit, the proceeds of the sale of the remnant of their stock, and practically nothing else; that he himself has a residence worth $2,500, mortgaged for $1,000; another house worth $2,500, mortgaged for $1,500; a note for $3,500, secured by mortgage, and assigned to secure a loan of $1,300; and another mortgage note for $600. Omitting from consideration the residence and the mortgage upon it, in view of the exemption laws of the state, the assets of the firm and of the two individuals may be stated as follows:

| | |
|---|---:|
| Cash belonging to the firm | $1,000 |
| Equity in $3,500 note | 2,200 |
| Amount received on note | 1,300 |
| Equity in the other residence | 1,000 |
| Cash of Hays | 600 |
| Two horses | 200 |
|   | |
| Total | $6,300 |
| Debt of the petitioning creditor | 3,320 |
|   | |
| Balance of assets | $2,980 |

Under this state of case, should the partnership be declared bankrupt?

I am satisfied from the testimony that the admissions of Perley, which were testified to by the traveling salesman and the manager of the petitioning creditor's business in St. Louis, to the effect that he (Perley) could not rake or scrape more than 80 per cent. of the debt, were true; but the statement itself, I am satisfied, was false. It was made in an effort by Perley to drive a sharp settlement of the claim, by making the petitioning creditor bear 20 per cent. of the losses by fire, for which it was in no sense liable. And there is no evidence that the statements now made by the bankrupts as to their property are not true. I am inclined to accept as the real truth the values which they now place upon their estate, and that they have a surplus of assets of $2,980, or thereabouts—certainly a sum considerably in excess of their liabilities.

The question arises as to whether or not the properties of individual members of a firm are to be taken into consideration when the issue of insolvency is raised of the partnership of which they are members. It is, I think, settled that a partnership, under the existing bankrupt law, is a distinct legal entity, which may be adjudicated a bankrupt by voluntary or involuntary proceedings, irrespective of any adjudication of the individual partners as bankrupts. At all events, it has been held by the Circuit Court of Appeals for the Second Circuit in Re Meyer et al., 98 Fed. 977, 39 C. C. A. 368. That case seems to indicate that, in order to put a firm into bankruptcy, the act of bankruptcy complained of must have been committed by the firm. In this case, however, if that were the only question involved, I should hold that the sale of the

remnant of goods, after the fire, and within the four months, and the refusal to pay the petitioning creditor, and the concealment of the money, were of themselves intended to hinder, delay, and defraud the creditor. But if I should so hold, the real question in this case still remains. It is whether or not the bankrupts were insolvent, within the meaning of the present bankrupt law, or, to state it in another way, whether or not the individual properties of the partners are to be considered in determining the question of insolvency. It has been held in a number of cases that the individual properties must be considered, and I find no case to the contrary. Vaccaro et al. v. Security Bank of Memphis et al., 103 Fed. 436, 43 C. C. A. 279. This case, while not binding on this court, was decided by the Court of Appeals of the Sixth Circuit. The same doctrine is distinctly held in the case of Davis et al. v. Stevens et al., by Judge Carland, of this circuit, in 104 Fed. 235–242. In both these cases the question was carefully considered, and those cases have the approval of this court.

The court therefore finds the issues in favor of the defendant, and the petition in bankruptcy will be dismissed.