EDWARD W. LYNCH, TRUSTEE, *vs.* J. HARMAR BRONSON.

* First Judicial District, Hartford, March Term, 1908.
BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

In an action by a trustee in bankruptcy to recover sums of money paid by the debtor and received by the creditor in alleged violation of the Bankrupt Act, the record of the proceedings in bankruptcy is admissible in evidence to establish the insolvency of the debtor at the date of the adjudication; and the fact of his insolvency at that time tends to prove its existence when the alleged wrongful preferences were given.

For the same purpose, entries in the debtor's cash-book showing his receipts and disbursements while in business are admissible, although it does not appear that the creditor had any knowledge of them.

Evidence of the business relations between the debtor and creditor are admissible as tending to show the latter's knowledge or grounds for believing that the payments in question were intended as preferences.

Under the provisions of the Bankrupt Act of 1898, as amended in 1903, a preference is voidable by the trustee in bankruptcy, only when the payee or transferee had reasonable cause to believe that the payment or transfer was "intended" to enable him to obtain a greater percentage of his debt than other creditors of the same class. Proof that the debtor was insolvent at the time, and that the creditor knew or ought to have known that fact, is not necessarily and as matter of law proof that the payment was intended by the debtor as a preference, or that the payee had reasonable cause to believe that it was so intended; and therefore a charge

* Transferred from the third judicial district.

to the jury which treats them as the same thing in legal effect, is misleading and erroneous.

The word "intended" is used in the Act in its ordinary sense and means an actual intention; although in determining the question of its existence the trier may undoubtedly apply, as a rule of evidence, the principle that one is supposed to have intended the probable results of his own acts.

Argued March 4th—decided April 14th, 1908.

ACTION by a trustee in bankruptcy to recover moneys alleged to have been wrongfully paid by the bankrupt to the defendant, brought to the Superior Court in New Haven County and tried to the jury before *Roraback, J.;* verdict and judgment for the plaintiff, and appeal by the defendant. *Error and new trial ordered.*

*Prentice W. Chase* and *Ernest L. Averill,* for the appellant (defendant).

*Hobart L. Hotchkiss* and *Bernard E. Lynch,* for the appellee (plaintiff).

HALL, J. The plaintiff, as trustee of the bankrupt estate of William L. Jennings, who was adjudicated a bankrupt on the 13th of May, 1905, brings this action under subdivisions *a* and *b* of § 60 of the Bankrupt Law of 1898 (30 U. S. Stat. at L. 562) as amended by the Act of 1903 (32 U. S. Stat. at L. 799), to recover the amount of five payments, four of $500 each and one of $600, made by the bankrupt to the defendant between January 10th and March 10th, 1905, each of which is alleged to have been made when Jennings was insolvent, and with the effect of enabling the defendant to obtain a greater percentage of his debt than any other of Jennings' creditors of the same class; and to have been received by the defendant when he had reasonable cause to believe that Jennings was insolvent, and to believe that it was intended by such payment to give the defendant a preference. The answer denies these allegations.

Subdivisions *a* and *b* of § 60 of the Bankrupt Act, as amended by the Act of 1903, read as follows:—

"a. A person shall be deemed to have given a preference if, being insolvent, he has, within four months before the filing of the petition, or after the filing of the petition and before the adjudication, procured or suffered a judgment to be entered against himself in favor of any person, or made a transfer of any of his property, and the effect of the enforcement of such judgment or transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class. Where the preference consists in a transfer, such period of four months shall not expire until four months after the date of the recording or registering of the transfer, if by law such recording or registering is required.

"b. If a bankrupt shall have given a preference, and the person receiving it, or to be benefited thereby, or his agent acting therein, shall have had reasonable cause to believe that it was intended thereby to give a preference, it shall be voidable by the trustee, and he may recover the property or its value from such person. And, for the purpose of such recovery, any court of bankruptcy, as hereinbefore defined, and any State court which would have had jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction."

Upon the issue of the insolvency of Jennings at the time of the payments, the court, against the defendant's objection, admitted in evidence the record of the bankrupt court, showing, among other things, the petition of Jennings, the adjudication of bankruptcy, the schedules of assets and liabilities, the appointment of plaintiff as trustee, the appraisal of assets, and the list of claims filed by creditors; and in connection therewith received the testimony of Jennings as to the correctness of said schedules and lists.

This evidence was properly received for the purpose for which it was offered by the plaintiff. It was clearly admissible as establishing Jennings' insolvency at the date of

the adjudication, May 13th, 1905... *De Graff* v. *Lang*, 92 N. Y. App. Div. 564, 87 N. Y. Supp. 78. And although not conclusive proof of insolvency at the date of the payments, it was admissible evidence upon that issue, especially in connection with the testimony of Jennings, as were also, for the same purpose, the entries in Jennings' cash-book, which he had testified showed his receipts and disbursements while in business, although it did not appear that the defendant had any knowledge of them. *In re Docker-Foster Co.*, 123 Fed. Rep. 190.

The evidence offered by the plaintiff showing the position and influence of the defendant in the Bronson & Platt Company; that Jennings left the employ of that company about January 1st, 1905; that between that date and the date of his bankruptcy Jennings caused goods which he had purchased for his own business, carried on by him under the name of W. J. Jennings & Co., to be delivered directly to the Bronson & Platt Company; that false entries were made in the books of said company regarding goods which they claimed they had purchased of Jennings while he was so engaged in said business,—was properly received as showing the business relations between Jennings and the defendant, and as tending to prove that the latter had reasonable cause to believe that the preferences in question were intended.

Other rulings admitting evidence showing that the plaintiff had realized only a certain sum upon sale of the assets of the bankrupt at public auction after duly advertising the sale; that he had been able to collect but about $500 upon the bankrupt's book accounts; and permitting plaintiff's counsel to ask of hostile witnesses, called by him, if they had not testified differently at the hearing before the referee in bankruptcy,—were so clearly correct as to require no discussion.

The court instructed the jury, in substantial accordance with the defendant's requests, that to render the payments to the defendant voidable preferences under said subdivisions *a* and *b* of § 60, it was necessary for the plaintiff to

establish: (1) the insolvency of Jennings when these payments were made; (2) the obtaining by the defendant creditor of a greater percentage of his debt than any other creditor of the same class; (3) the giving of the preference within four months before the filing of the petition in bankruptcy; and (4) reasonable cause on the part of the defendant to believe that a preference was intended. The court further added, that the language of subdivisions *a* and *b* of § 60 made it clear that a preferential payment by an insolvent debtor to a creditor could not be avoided by a trustee in bankruptcy, unless he could prove that the creditor receiving it had reasonable cause to believe that it was intended thereby to give a preference. No question is made as to the correctness of this part of the charge. But the court afterward instructed the jury as follows: "I say to you that if the debtor making the payment is actually insolvent at the time, and the creditor receiving or being benefited by the payment . . . is in possession of such facts and circumstances as would lead a prudent business man to conclude that the aggregate of the debtor's property . . . would not, at a fair valuation, be sufficient to pay his debts, or if the facts and circumstances in his possession as aforesaid are such as clearly ought to put a prudent business man on inquiry, then, in either case, the law considers that there is a reasonable cause to believe that the debtor intended to give a preference, as hereinbefore defined." And near the close of the charge the court said to the jury: "Reasonable cause to believe that the debtor, Jennings, intended to make a preference by payment, and reasonable cause to believe that at the time of the payments the debtor, Jennings, was insolvent, are the same thing so far as the defendant's receiving or being benefited by the payment is concerned." The defendant takes exception to these statements, upon the ground that they fail to state the true test of a voidable preference as prescribed by the bankrupt law.

Subdivisions *a* and *b* of § 60, state very clearly what constitutes a preference, and what constitutes a voidable

preference, under the bankrupt law. The former is defined in subdivision *a*, and the latter in subdivision *b*. Neither says that the test of a voidable preference is whether the creditor had reasonable cause to believe that the debtor was insolvent when the preference was given. Subdivision *b* expressly states that the preference "shall be voidable by the trustee" if the person receiving it "shall have had reasonable cause to believe that it was intended thereby to give a preference," and describes no other way of determining whether a preference is voidable. If the law regards all preferences coming within the definition of subdivision *a* as intended preferences, it can readily be seen, since the preferences described in subdivision *a* can only be given by an insolvent person, that reasonable cause to believe that the debtor giving the preference was then insolvent would be equivalent to reasonable cause to believe that the preference was intended. But we find nothing in either subdivision *a* or subdivision *b* to indicate that all preferences coming within the definition in subdivision *a* must be regarded as intended preferences, and much to indicate the contrary. The words in subdivision *b*, "reasonable cause to believe that it was intended thereby to give a preference," indicate that it was contemplated that there might be preferences which were not intended. Otherwise—since no one but an insolvent person can give a preference—reasonable cause to believe that the debtor was insolvent would naturally have been made the test of a voidable preference. The test of a preference, as defined by subdivision *a*, is whether an insolvent person performed the act therein described, within the prescribed time and with the effect named. *Swarts* v. *Fourth National Bank*, 54 C. C. A. 387, 117 Fed. Rep. 1. In determining whether a preference, within the meaning of subdivision *a*, has been created, the intention of the debtor is entirely immaterial, although material in ascertaining whether the preference is voidable. *Pirie* v. *Chicago T. & T. Co.*, 182 U. S. 438, 21 Sup. Ct. Rep. 906; *In re Fixen*, 42 C. C. A. 354, 102

Fed. Rep. 295. An insolvent debtor may undoubtedly actually give, what is a preference under subdivision *a*, without intending to do so and while acting in good faith. *Sebring* v. *Wellington*, 63 N. Y. App. Div. 498, 71 N. Y. Supp. 788; *Barbour* v. *Priest*, 103 U. S. 293, 296; *First National Bank* v. *Holt*, 84 C. C. A. 16, 155 Fed. Rep. 100. He may not know that he is insolvent. He may know it and believe, with good reason, that he will speedily become solvent, and that the payment which he is making will give no advantage to the person to whom it is made. Subdivision *g* of the Bankrupt Law, before the amendment of 1903, required a creditor to surrender a preference, not intended to be such, only as a condition to proof of his claim, and as amended in 1903 it permits him to both retain such a preference and prove his claim. *In re Fixen*, 42 C. C. A. 354, 102 Fed. Rep. 295; *Pirie* v. *Chicago T. & T. Co.*, 182 U. S. 438, 21 Sup. Ct. Rep. 906; *Western Tie & Timber Co.* v. *Brown*, 196 U. S. 502, 25 Sup. Ct. Rep. 339.

It being true that an insolvent debtor may in good faith make a payment to a creditor which is in fact a preference, within the definition of subdivision *b*, though not intended to be such, the creditor receiving it with a knowledge that it was so given, although he may have reasonable cause to believe that the debtor was insolvent, cannot properly be said to have received it with reasonable cause to believe that the debtor intended to give a preference.

While it is true, since only an insolvent can give a preference under subdivision *a*, that reasonable cause to believe that a preference was intended necessarily includes reasonable cause to believe that the debtor was insolvent (*In re Pfaffinger*, 154 Fed. Rep. 523), the converse of this statement, namely, that reasonable cause to believe the insolvency includes reasonable belief that the preference was intended, is not true, for the reason that the latter phrase includes not only cause to believe the insolvency, but also that it was intended that the creditor receiving the preference should obtain a greater percentage of his debt than

other creditors. *Des Moines Savings Bank* v. *Morgan Jewelry Co.*, 123 Ia. 432, 99 N. W. 121.

Under the Bankrupt Act of 1867 (U. S. Rev. Stat. 1878, § 5128), a preference was created by the act of one who was insolvent or contemplated insolvency, and who acted with a view to give a preference, and it was avoided by proof that a creditor received it with "reasonable cause to believe" that the debtor was insolvent, and that it was given "in fraud of the provisions" of the Bankrupt Act. "Both these," said the court in *Barbour* v. *Priest*, 103 U. S. 293, 296, "must exist as facts which the grantee had reasonable cause to believe," to enable the assignee to avoid the preference. Although the phrases with "reasonable cause to believe" that the debtor was insolvent, and reasonable cause to believe that the preference was "made in fraud of the provisions" of the Bankrupt Act, found in § 5128 of the Act of 1867, are omitted in the corresponding § 60 of the present law, yet, since insolvency of the debtor is an essential element of a preference, as defined in subdivision *a*, and reasonable cause to believe that the debtor was insolvent is therefore necessarily included in reasonable cause to believe that a preference was intended, as stated in subdivision *b*, the facts now required to be proved, in order to avoid a preference, are not materially different from those required under the law of 1867.

Reasonable cause to believe that a debtor whose act creates a preference, as it is defined in subdivision *b* of § 60, is insolvent, is not the same thing as reasonable cause to believe that a preference was intended. *First National Bank* v. *Holt*, 84 C. C. A. 16, 155 Fed. Rep. 100; *In re Andrews*, 75 C. C. A. 562, 144 Fed. Rep. 922. Proof of the former fact is not necessarily proof of the latter, since, as we have shown, the latter contains an element which is not necessarily included in the former. Undoubtedly in many cases, and possibly in the present one, the latter fact may properly be inferred from proof of the former. But such inference is not a presumption of

law, but a deduction which the jury, in the exercise of their own judgment and without direction from the court, may or may not make from the facts before them. *Quinebaug Bank* v. *Brewster*, 30 Conn. 559, 563; *Kaufman* v. *Tredway*, 195 U. S. 271, 25 Sup. Ct. Rep. 33; *Crittenden* v. *Barton*, 59 N. Y. App. Div. 555, 69 N. Y. Supp. 559.

The chief fault, in the portion of the charge complained of, is that it in effect directed the jury to draw the inference of the existence of a reasonable cause to believe that the preferences were intended, from the existence, if it were found to exist, of a reasonable cause to believe that the debtor was insolvent, and that in fact reasonable cause to believe the one was the same as reasonable cause to believe the other. Under this instruction, the jury, having found that the defendant had reasonable cause to believe the insolvency, were required to conclude that he had reasonable cause to believe that the preferences were intended, even if they were satisfied that the debtor was ignorant of his insolvency and had no intention of giving a preference, and that the creditor was aware of such facts and did not himself intend to obtain any advantage over other creditors. Having denied that he had reasonable cause to believe that a preference was intended, the defendant was entitled to have that question submitted to the jury as one of fact.

The word "intended," in the phrase in subdivision *b* of § 60, "reasonable cause to believe that it was intended thereby to give a preference," is used in its ordinary sense, and means an actual intention. *In re Andrews*, 75 C. C. A. 562, 144 Fed. Rep. 922; *First National Bank* v. *Holt*, 84 C. C. A. 16, 155 Fed. Rep. 100. In determining the existence of such intent the trier may of course apply the rule that one is supposed to have intended the probable results of his own acts, but this is a rule of evidence and not of law. *Quinebaug Bank* v. *Brewster*, 30 Conn. 559. Evidence which would justify the conclusion that the creditor had reasonable cause to believe that a preference was intended, would be sufficient proof that the debtor intended to give the preference. To meet the plaintiff's

evidence that the creditor had reasonable cause to believe that a preference was intended, the defendant may always present evidence to show that no preference was intended.

The closing statement of the court to the jury, that if they found for the plaintiff their verdict should be for $2,600 and interest, was not entirely correct, since the jury might possibly have found the issues for the plaintiff as to some, but not all, of the five different payments.

The view which we have taken of the points above determined, makes it unnecessary to consider the reason of appeal founded on the denial of the motion to set aside the verdict as against the evidence.

There is error and a new trial is ordered.

In this opinion the other judges concurred.