RODOLF, *Trustee,* v. FIRST NAT. BANK OF TULSA *et al.*

No. 1389. Opinion Filed January 9, 1912.

(121 Pac. 629.)

1. BANKRUPTCY—Preference—What Constitutes. In order to allege a voidable preference under Bankr. Act July 1, 1898, c. 541, secs. 60a, 60b, 30 Stat. 562 (U. S. Comp. St. 1901, p. 3445), and amendment thereto approved February 5, 1903 (Act. Feb. 5, 1903, c. 487, sec. 13, 32 Stat. L. 799 [U. S. Comp. St. Supp. 1909, p. 1314]), where the act complained of is the procuring of or suffering a judgment to be entered against the bankrupt in favor of any person, it is necessary, among other averments, to allege that at the time of the rendition of the judgment the judgment debtor was insolvent, and that by suffering said judgment to be entered against him he intended thereby to give a preference, and that the judgment creditor had reasonable cause to believe that the judgment debtor so intended, and that the judgment creditors benefiting thereby would receive a greater percentage of their debt than other creditors of the same class.

2. SAME—Preferences—Action to Set Aside—Petition. A petition drawn under the provisions of secs. 60a and 60b, which fails by proper averments to charge that the creditor receiving or benefiting by the alleged voidable preferences at the time had reasonable cause to believe that it was intended thereby to give a preference, fails to state a cause of action.

3. SAME—Preferences—Action to Set Aside—Petition. Sec. 67f of said act provides that levies, judgments, attachments, or other liens obtained through legal proceedings against an insolvent within four months prior to the filing of a bankruptcy petition against him, in case he is adjudged a bankrupt, shall be void, and the property affected shall pass to the trustee. Held, that such section affects only the lien thereby acquired, and not the judgment itself; and hence in a petition drawn under said section seeking to recover a voidable preference it is necessary to allege that at the time of filing the bankruptcy petition the lien acquired through the legal proceedings was in effect.

4. SAME—Preferences—Action to Recover—Pleading. In a suit by the trustee in bankruptcy of a partnership to recover a voidable

preference knowingly obtained by a creditor, as defined in the foregoing sections, to authorize a recovery, it must be shown that the firm and the partners individually were also insolvent at the time the judgment was suffered to be entered against it.

(Syllabus by Sharp, C.)

*Error from District Court, Tulsa County; L. M. Poe, Judge.*

Action by Frank M. Rodolf, trustee in bankruptcy of A. Psihos and another, doing business as Psihos Bros., against the First National Bank of Tulsa and another, to recover an alleged voidable preference under Bankr. Act July 1, 1898, and amendment thereto approved February 5, 1903. From a judgment for defendants on demurrer to the second amended petition, plaintiff brings error. Affirmed.

*Haskell B. Talley,* for plaintiff in error.

*Martin, Rice & Lyons,* for defendants in error.

Opinion by SHARP, C. Plaintiff's amended petition attempted to fix a liability and base a recovery under the provisions of paragraph 15, sec. 1, c. 1; sections 60a, 60b, c. 6, and section 67, subd. f, c. 7, of "An act to establish a uniform system of bankruptcy throughout the United States." Sections 60a and 60b were amended by section 13 of the Act Feb. 5, 1903, 32 Stat. L. 799, 800 (U. S. Comp. St. Supp. 1909, p. 1314). The sufficiency, then, of plaintiff's amended petition must be tested by the requirements contained in the foregoing sections of the bankruptcy law in force August 5, 1907, the date on which the original complaint in equity was filed in the United States Court for the Western District of Indian Territory. Paragraph 15 of section 1, c. 1, defines an insolvent, section 60a, c. 6, defines what shall constitute a preference, and section 60b, c. 6, defines a voidable preference; while section 67f, c. 7, provides for the nullification of all levies, judgments, or other liens obtained through legal proceedings against an insolvent, and for the right of the trustee in bankruptcy to receive the property of the bankrupt discharged from these liens, unless, for special reasons or benefit to the bankrupt's estate, the court may order their preservation. The amend-

ed petition refers to plaintiff as "the trustee of A. Psihos and N. Psihos, doing business as Psihos Bros., bankrupts," and we shall therefore treat Psihos Bros. as a general partnership. The petition sufficiently charges that Psihos Bros. were insolvent within the meaning of paragraph 15, sec. 1, c. 1, but it does not show that the component members of the firm, viz., A. Psihos and N. Psihos, were individually insolvent. As to the sufficiency of the petition in this particular reference will later be made. Counsel for plaintiff in error, in the epitome of his argument, contends that, under section 60a, it is not necessary that an ·attempt be shown on the part of the debtor to prefer, in order that a preference obtained by attachment, judgment, or levy· be set aside, providing such judgment, attachment, or levy was obtained within four months prior to the adjudication in bankruptcy. Sections 60a and 60b state very clearly what constitutes a preference and what a voidable preference under the bankruptcy laws. The former is defined in subdivision "a"; the latter in subdivision "b." Under the amendatory act, a preference consists in a person while insolvent and within four months of the bankruptcy procuring or suffering a judgment to be entered against himself, or making a transfer of his property, the effect of which will be to enable one creditor to obtain a greater percentage of his debt than any other creditor of the same class. Such preference is voidable at the instance of the trustee, if the person receiving it, or to be benefited thereby, has reasonable cause to believe that it was thereby intended to give a preference. Collier on Bankruptcy (6th· Ed.) 476. And unless the person recovering the judgment or to be benefited by the transfer has reasonable cause to believe that it was intended thereby to give a preference, while there may be a preference in name, it will not be in fact. The transfer must, in short, be voidable, and, in order to be voidable, the person receiving it or to be benefited thereby must have reasonable cause to believe that a preference was intended; in other words, since the amendatory act of 1903 a preference is a name only, unless it may be avoided, and this can be maintained only when the pleadings charge and the proof shows facts such as must exist under the requirements of section 60b. A preference is there-

fore not necessarily a voidable preference. Remington on Bankruptcy, par. 1277; *In re Knost et al.*, 2 Am. Bankr. Rep. 477.

Plaintiff's amended petition charges:

"But said sale, as your petitioner verily believes, was merely colorable and with the intention of annoying and injuring the plaintiff and of obtaining an undue preference over the other creditors of the bankrupts, contrary to the provisions of the bankruptcy law; that said First National Bank of Tulsa and said First National Building Company of Tulsa, and all parties claiming through them the property of the bankrupts, had full and complete knowledge of the failing condition of the bankrupts on and before December 23, 1906, and at all times thereafter until your petitioners were declared bankrupts on February 22, 1907, and that the bankrupts' property was taken under the advice, direction, and orders of the First National Bank of Tulsa and the First National Building Company of Tulsa, with full notice and with complete knowledge that an undue and improper advantage was being taken of the bankrupts and of their creditors, and that the bankrupts were at that time insolvent and unable to pay their debts."

It will be observed that the first paragraph of the foregoing petition of plaintiff states that it is the sale that was complained of, not the judgment procured or suffered to be entered against the bankrupts. The latter part of the petition referred to and quoted charges that defendants in error had full and complete knowledge of the failing condition of the bankrupts on the date named, and that the bankrupts' property was taken under the advice, direction, and orders of the defendants in error with full notice and complete knowledge that an undue and improper advantage was being taken of the bankrupts and of their creditors; said bankrupts being at the time insolvent. Do these allegations comply with the provisions of section 60b, requiring that the creditor shall have reasonable cause to believe that the act complained of was intended to give a preference. Section 60a has nothing to do with voidable preferences. If the preference is voidable, we must look to section 60b. The matter of an intent is not an essential ingredient of section 60a, but is of section 60b, which contains the provision upon which a preference may be avoided. Remington on Bankruptcy, par. 1276 *et seq.*

In *Lynch v. Bronson,* 80 Conn. 566, 69 Atl. 538, it was said:
"But we find nothing in either 60a or 60b to indicate that all
preferences coming within the definition in 60a must be regarded
as intended preferences, and much to indicate the contrary. The
words in 60b, 'reasonable cause to believe that it was intended
thereby to give a preference,' indicate that it was contemplated
that there might be preferences which were not intended. Other-
wise, since no one but an insolvent person can give a preference,
reasonable cause to believe that the debtor was insolvent could
naturally have been made the test of a voidable preference. The
test of a preference as defined by 60a is whether an insolvent
person performed the act therein described within the prescribed
time and with the effect named. *Swart v. Fourth National Bank,*
117 Fed. 1, 54 C. C. A. 387. In determining whether a prefer-
ence within the meaning of 60a has been created, the intention
of the debtor is entirely immaterial, although material in ascer-
taining whether the preference is voidable. *Pirie v. Chicago T.
& T. Co.,* 182 U. S. 438, 21 Sup. Ct. 906, 45 L. Ed. 1171; *In re
Fixen,* 102 Fed. 295, 42 C. C. A. 354, 50 L. R. A. 605. An in-
solvent debtor may undoubtedly actually give what is a prefer-
ence under 60a, without intending to do so, and while acting in
good faith. *Sebring v. Wellington,* 63 App. Div. 398, 71 N. Y.
Supp. 788; *Barbour v. Priest,* 103 U. S. 296, 26 L. Ed. 478; *First
Nat. Bank v. Holt,* 155 Fed. 100 [84 C. C. A. 16]. He may
not know that he is insolvent. He may know it, and believe with
good reason that he will speedily become solvent, and that the
payment which he is making will give no advantage to the per-
son to whom it is made. * * * While it is true, since only
an insolvent can give a preference under section 60a, that reason-
able cause to believe that a preference was intended necessarily
includes reasonable cause to believe that the debtor was insolvent
(*In re Pfaffinger* [D. C.] 154 Fed. 523), the converse of this
statement, namely, that reasonable cause to believe the insolvency
includes reasonable belief that the preference was intended, is not
true, for the reason that the latter phrase includes, not only cause
to believe the insolvency, but also that it was intended that the
creditor receiving the preference should obtain a greater per-
centage of his debt than other creditors. *Des Moines Savings
Bank v. Jewelry Co.,* 123 Iowa, 432, 99 N. W. 121."

Reasonable cause to believe that a debtor who gives credi-
tors a preference, as defined in section 60b, is insolvent, is not
the same thing as reasonable cause to believe that a preference
was intended. *Sparks v. Marsh* (D. C.) 177 Fed. 739.

In *Hardy v. Gray,* 144 Fed. 922, 75 C. C. A. 562, it was said:
"We think, so far as the appeals before us are concerned, the
only expressions of the Supreme Court under the present statutes
are those in *Pirie v. Chicago Title & Trust Company,* 182 U. S.
446, 447, 21 Sup. Ct. 906, 45 L. Ed. 1171, already referred to,
which emphatically declare that the subdivision of the statute of
1898, already quoted, adopted by the section of the act of 1903,
involves the element that the 'creditor has reason to believe a
preference was intended,' which could not exist, unless, in fact,
a preference was actually intended on the part of the debtor, or
unless there existed what the law regards as the equivalent there ·
of."

The rule thus announced is quoted and followed with ap-
proval by the Circuit Court of Appeals for the First Circuit in
*First National Bank v. Holt,* 155 Fed. 100, 84 C. C. A. 16, citing
numerous cases.

In *Tumlin v. Bryan,* 165 Fed. 166, 91 C. C. A. 200, 21 L. R.
A. (N. S.) 960, the Circuit Court of Appeals for the Fifth Cir-
cuit, speaking through Shelby, C. J., after quoting with approval
the two foregoing cases, added:

"To let the mere fact of the bankruptcy of the debtor within
four months make the transaction involved voidable would be to
create uncertainty and uneasiness as to the probable result of
every settlement between debtor and creditor. Reasonable cause
to believe that a preference was intended cannot be held to be
proved by circumstances that would merely excite suspicion. And
circumstances may seem suspicious after the bankruptcy occurs
that would not appear unusual at the time of the occurrence, and
would then have presented no 'reasonable cause' on which to
found a belief of intended preference. Merchants and other
business men constantly · continue to make payments up to the
very eve of failure, and it would be disastrous to have them set
aside on slight proof or mere suspicion. *Grant v. National Bank,*
97 U. S. 80, 24 L. Ed. 971; *Stucky v. Masonic Savings Bank,*
108 U. S. 72, 2 Sup. Ct. 219, 27 L. Ed. 640."

In *Sherill v. Leach,* 171 Fed. 623, 96 C. C. A. 424, in an opin-
ion participated in by Lurton, C. J., now a member of the United
States Supreme Court, it is said:

"Further, before an order can be made for the surrender of
the property transferred, it must be found that, not only was the
transferrer insolvent at the date of the transfer, but that the trans-

feree had reasonable cause to believe that it was intended thereby to give a preference. Neither of these facts was found by the referee. Following the allegations of the petition, he found the one fact only, that the rings 'were transferred by him to her, not with a fraudulent intent, but with the intent and for the purpose of preferring her to his other creditors.' All the rest of his finding is a deduction from those premises. That the facts omitted are indispensable to a judgment such as the trustee was seeking has been held in previous decisions of this court. *Lansing Boiler Works v. Ryerson,* 128 Fed. 701, 63 C. C. A. 253; *First National Bank v. Holt,* 155 Fed. 100, 84 C. C. A. 16; *In re Pfaffinger* (D. C.) 154 Fed. 523; *Acme Food Co. v. Meirer,* 153 Fed. 74, 82 C. C. A. 208. And see, also, a recent decision of the Circuit Court of Appeals for the Fifth Circuit in *Tumlin v. Bryan,* 165 Fed. 166 [91 C. C. A. 200, 21 L. R. A. (N. S.) 960]; Loveland on Bankruptcy (3d Ed.) arts. 194a, 194c."

It is insisted that the rule announced by the Supreme Court in *Western Tie & Timber Company v. Brown,* 196 U. S. 502, 25 Sup. Ct. 339, 49 L. Ed. 571, is applicable, and that a failure on the part of the bankrupts to make any effort to set aside the attachment and judgment amounts to an intention to bring about the result that followed. True, the court there said that, if the inevitable result of the transaction would have been to create a preference, then the law would conclusively impute to the debtor the intention to bring about the result necessarily arising from the nature of the act committed, but we find no such allegation in the amended petition; besides, the question involved in *Western Tie & Timber Co. v. Brown* was one of set-off, and not of preference, and was distinguished in this regard by the court in *Hardy v. Gray, supra.* In *Sherrill v. Leach, supra,* it was held that, in order to establish that there was an unlawful preference, it must be alleged and proved that at the time of the transfer the party making it was insolvent; that the property transferred was such as his creditors had a right to have subjected to their claims; that he intended a preference; and that the transferee had reasonable cause to believe that the transferrer had such intention. The fact that the preference was obtained by means of legal proceedings instituted by the creditor, the debtor remaining passive and indifferent, is not sufficient to charge an intent to give a prefer-

ence, within the intent and meaning of the bankruptcy act, as construed in the foregoing opinions. Neither does the amended petition allege the requirement of the statutes by charging that the money or property received by defendants in error had the effect of giving them a greater percentage of their debts than other debtors of the same class had received. *West v. Bank of Lahoma,* 16 Okla. 328, 85 Pac. 469; *Baden v. Bertenshaw, Trustee,* 68 Kan. 32, 74 Pac. 639. The averments in a pleading must be clear and unequivocal. Material facts must be alleged with certainty. Courts cannot indulge inferences to supply the omission to allege a material fact. The omitted allegation is by the statute made the basis of a substantial right. The burden of proof is upon the plaintiff (*Levor v. Seiter et al.,* 69 App. Div. 33, 74 N. Y. Supp. 499; *Tumlin v. Bryan, supra*), and, in order to prove the facts necessary to establish a voidable preference, a necessary prerequisite is that proper allegations of facts be laid, sufficient to bring the cause within the statutory requirements. This plaintiff in error failed to do, and the demurrer, so far as any rights under either section 60a or section 60b may be concerned, was properly sustained.

The remaining question then is: Did the petition state a cause of action under section 67f? The first paragraph of the amended petition charges that defendants in error took possession of the goods, etc., on or about December 23, 1906, and on the 9th day of January, 1907, sold the perishable goods, and that the other property was ostensibly sold by the First National Bank to the First National Building Company; that the leased premises were taken possession of in January, 1907. In the second paragraph it is charged that suit was instituted on December 23, 1906, and judgment rendered therein on January 9, 1907; that on January 13, 1907, the furniture, fixtures, stock, and all property other than perishable goods were ordered sold by the court, the perishable property having been sold on January 9, 1907; and that on or about February 22, 1907, the goods first above mentioned were ostensibly sold to the building company, while in the fourth paragraph it is alleged that the defendants in error claimed to have sold the property of the bankrupts since

the date of purchase on or about February 21, 1907. From these and other allegations of the petition, as well as from the recitals contained in the prayer of the petition, it is not shown that the property at the time of the filing of the petition in bankruptcy was subject to any lien theretofore created or existing at the time·through legal proceedings. If the plaintiff relied upon this section of the statute as a basis ·of recovery, he should have charged in suitable language such facts as would be necessary to recover thereunder. The fact that attachments had previously been levied or judgments or other liens obtained through legal proceedings within four months prior to the filing of the petition in bankruptcy does not of itself constitute a voidable preference. By this subdivision of the section it is the lien that is vacated, and not the judgment. It must appear that there was property of the bankrupt estate subject to an attachment or judgment lien which could be released from the same, or which could pass to the trustee for the benefit of the bankrupt estate. If the judgment had been satisfied and the matter entirely closed before the initiation of the bankruptcy proceedings, then the provisions of section 67f could have no application. *Green v. Montana Brewing Company,* 28 Mont. 380, 72 Pac. 751.

In *Levor v. Seiter et al.,* 69 App. Div. 33, 74 N. Y. Supp. 499, it was first decided by the New York Supreme Court, Special Term (*Levor v. Seiter et al.,* 34 Misc. Rep. 382, 69 N. Y. Supp. 987), that, where a judgment had been had and levy made within four months of the filing of the petition in bankruptcy and the property sold and the money or proceeds of the sale turned into the hands of the judgment creditor, ·the lien, judgment, or levy was wholly void, and the creditor could be compelled to return the money in a plenary suit instituted by the creditor for that purpose, but this case was reversed on appeal to the Appellate Division of the Supreme Court of that state (*Levor v. Seiter et al.,* 69 App. Div. 33,· 74 N. Y. Supp. 499), where it was held that, the money having been paid over to the judgment creditor before the filing of the petition in bankruptcy, the case did not fall within the provisions of section 67f of the bankruptcy act, and that the lien created by the judgment and

levy was not rendered void by an adjudication in bankruptcy. It is the lien, and not the transfer, that is declared void, by virtue of section 67f. *In re Bailey* (D. C.) 144 Fed. 214. In *Nelson v. Svea Publishing Co.* (D. C.) 178 Fed. 136, referring to subdivisions "c" and "f" of section 67, it was said that these sections referred only to existing liens created by legal proceedings, and are not applicable to a case in which such a lien has become merged into a title by the consummation of an execution sale. The amended petition fails to charge the existence of any form of lien created through legal proceedings in effect on the date of the filing of the petition in bankruptcy, and therefore does not state a cause of action coming within the purview of said provision of the statute.

Another serious question heretofore adverted to is that of the failure of the amended petition to allege that A. Psihos and N. Psihos, composing the firm of Psihos Bros., were insolvent as individuals, or that a bankruptcy petition had been filed by or against them as individuals. This question was considered by the Circuit Court of Appeals for the Fifth Circuit in *Tumlin v. Bryan,* 165 Fed. 166, 91 C. C. A. 200, 21 L. R. A. (N. S.) 960, in which it was said:

"As each member of the partnership is liable individually for the partnership debts, it seems to follow that, to show such insolvency as to entitle the trustee to recover, the insolvency of the members of the firm should be proved. If a condition exists whereby all diligent creditors may obtain payment in full, it seems useless and unjust to sustain a suit against a defendant who has only collected what was due him. It is true that a partnership may be treated as an entity separate from its individual members, for the purpose of its adjudication as a bankrupt (Bankruptcy Act, sec. 5a; *In re Meyer et al.,* 98 Fed. 976, 39 C. C. A. 368; *In re Mercur,* 122 Fed. 384, 58 C. C. A. 472) ; but in a suit to recover a preference it is not only the insolvency of an intangible entity, but the insolvency of its responsible component parts, that lies at the foundation of the right to relief. If the component parts of the firm may be made to pay the firm's debts, the suit lacks reason and substance, and it cannot be held that the defendant has obtained a greater percentage of his debt than other creditors of the same class. If the members of the firm are solvent, all creditors may be paid in full. If the individual

members of the partnership are not shown to be insolvent at the date of the payments the preference is not voidable.  *Vacarro et al. v. Security Bank of Memphis et al.,* 103 Fed. 436, 43 C. C. A. 279.   See, also, *In re Blair et al.* (D. C.) 99 Fed. 76; *Davis et al. v. Stevens et al.* (D. C.) 104 Fed. 235; *In re Forbes et al.* (D. C.) 128 Fed. 137; *In re Perley & Hays* (D. C.) 138 Fed. 927."

If no petition in bankruptcy had been filed by or against A. Psihos and N. Psihos as individuals, how can it be said that they are bankrupts?  It does not appear from the petition that the component members of the firm of Psihos Bros. were bankrupt; otherwise, how are we to conclude that the creditors of Psihos Bros. will not be paid in full?  The discharge of Psihos Bros. in bankruptcy would not discharge the individual members of the firm, unless they were individually declared bankrupt.   Federal Sts. Ann. vol. 1, p. 548.  This all-important allegation does not appear in the petition, unless by inference it may be assumed from the use of the word "bankrupts"; but, as shown by the context, we do not understand that it was intended to allege that the partners were individually insolvent or that petitions in bankruptcy had been filed against them individually.  It does not follow that, because a partnership is insolvent, the individuals composing it are insolvent, and, if the partners are solvent, the creditors may be paid in full.

The amended petition failing to state a cause of action under either section 60b, as amended, or 67f, the judgment of the trial court should therefore be affirmed.

By the Court:   It is so ordered.

All the Justices concur.